[No. C061629. Third Dist. Mar. 19, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
CLAUDINE FLEURY, Defendant and Appellant.

COUNSEL

Barbara Ann Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BLEASE, J.**—The sole issue raised in this appeal is whether imposition of the $30 court facilities assessment mandated by Government Code[1] section 70373 for crimes committed before the enactment of the statute violates state and federal prohibitions against ex post facto laws. We find that the Legislature did not intend for the assessment to constitute punishment, and that the assessment is not so punitive as to override the Legislature's intent. (*People v. Alford* (2007) 42 Cal.4th 749, 756 [68 Cal.Rptr.3d 310, 171 P.3d 32] (*Alford*).) Thus, we shall conclude the assessment does not violate state or federal prohibitions against ex post facto laws and affirm the judgment.

---

[1] Unless otherwise indicated, all further statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2007, defendant Claudine Fleury made several attempts to burn down an uninhabited dwelling, damaging the dwelling in the process. She also destroyed an outdoor air-conditioning unit with a pair of bolt cutters.

In April 2009, she pleaded no contest to arson of an uninhabited structure (Pen. Code, § 451, subd. (c)) and felony vandalism (*id.*, § 594, subds. (a), (b)(1)) in exchange for dismissal of the remaining counts.

She was sentenced to two years eight months in state prison. The trial court also imposed various fines and fees, including two $30 assessments under section 70373 (one for each offense).

## DISCUSSION

The court facilities assessment is set out in section 70373, which provides in pertinent part: "(a)(1) To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense, including a traffic offense . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction.

"(2) For the purposes of this section, 'conviction' includes the dismissal of a traffic violation on the condition that the defendant attend a court-ordered traffic violator school . . . .

"(b) This assessment shall be in addition to the state penalty assessed pursuant to Section 1464 of the Penal Code and may not be included in the base fine to calculate the state penalty assessment as specified in subdivision (a) of Section 1464 of the Penal Code. . . .

"(c) When bail is deposited for an offense to which this section applies, and for which a court appearance is not necessary, the person making the deposit also shall deposit a sufficient amount to include the assessment prescribed by this section."

Section 70373 was enacted in September 2008 as part of Senate Bill No. 1407 (2007–2008 Reg. Sess.). (Stats. 2008, ch. 311, § 6.5, eff. Jan. 1, 2009.) It was part of a broader legislative scheme in which filing fees in civil,

family, and probate cases were also raised. (See, e.g., §§ 70611 [unlimited civil filing fees], 70613, subd. (a) [limited civil filing fees], 70621 [fees for an appeal or petition for a writ in limited civil cases], 70654 [petitions for appointment of a guardian]; see also Sen. Bill No. 1407 (2007–2008 Reg. Sess.); Stats. 2008, ch. 311, §§ 10, 12.5, 14, 19.)

■ The ex post facto clauses of the federal and state Constitutions prohibit certain categories of legislation, including laws " ' "which make[] more burdensome the punishment for a crime, after its commission . . . ." ' " (*People v. McVickers* (1992) 4 Cal.4th 81, 84 [13 Cal.Rptr.2d 850, 840 P.2d 955] (*McVickers*); see U.S. Const., art. I, § 10, cl. 1, and Cal. Const., art. I, § 9.) "[A] penalty assessment cannot be imposed without violating the constitutional prohibition of ex post facto laws if (1) the defendant's criminal act preceded its enactment; and (2) the assessment is in fact a penalty." (*People v. Batman* (2008) 159 Cal.App.4th 587, 590 [71 Cal.Rptr.3d 591].) "The clause thus protects defendants from retrospective legislation with a punitive effect or purpose." (*McVickers, supra,* 4 Cal.4th at p. 85.)

■ In determining whether the assessment is in fact a penalty, "we consider 'whether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent.' [Citation.] [¶] 'If the intention of the [L]egislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is " 'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.' " [Citation.] Because we "ordinarily defer to the [L]egislature's stated intent," [citation], " 'only the clearest proof' will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty," [citations].' [Citations.]" (*Alford, supra,* 42 Cal.4th at p. 755.) In determining whether such proof exists, " '[t]he factors most relevant to our analysis are whether, in its necessary operation, the regulatory scheme: has been regarded in our history and traditions as a punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a nonpunitive purpose; or is excessive with respect to this purpose.' " (*Id.* at p. 757, quoting *Smith v. Doe* (2003) 538 U.S. 84, 97 [155 L.Ed.2d 164, 180, 123 S.Ct. 1140].)

In *Alford,* our Supreme Court held that imposition of a $20 court security fee pursuant to Penal Code section 1465.8 to a crime committed before the

effective date[2] of the statute did not violate state and federal prohibitions against ex post facto laws.[3] (*Alford, supra,* 42 Cal.4th at p. 752.) In concluding the fee was enacted for a nonpunitive purpose, the court relied on the following: (1) the stated purpose of the fee—" ' "[t]o ensure and maintain adequate funding for court security" ' "—is nonpunitive; (2) the fee is not imposed merely on persons convicted of a crime, but also when a traffic violation charge is dismissed because the alleged violator attends traffic school and when bail is posted; (3) Penal Code section 1465.8 " 'could only go into effect if specified levels of trial court funding were enacted by the Legislature' "; and (4) "[t]he Legislature also referred to the $20 amount due upon conviction by a nonpunitive term, labeling it as a 'fee' and not a 'fine.' " (42 Cal.4th at pp. 756–757.)

Having concluded the fee was enacted for a nonpunitive purpose, the court then considered whether the fee was so punitive in nature as to override the Legislature's intent. (*Alford, supra,* 42 Cal.4th at p. 757.) The court found that imposition of the fee was not properly characterized as punishment because (1) its purpose was "not to punish but to ensure adequate funding for court security"; (2) it is not imposed only in a criminal context; and (3) whether or not it became effective was completely dependent upon the funding of other budget line items. (*Id.* at p. 758.) The court found that given the relatively small amount of the fee—$20—it does not impose an affirmative disability or restraint. (*Ibid.*) It does not promote the traditional aims of punishment: retribution or deterrence. (*Ibid.*) Rather, it "promotes court safety . . . ." (*Id.* at p. 759.) Finally, the court concluded the fee has a rational connection to a nonpunitive purpose and is not excessive with respect to that purpose, noting that "the amount of the fee is not dependent on the seriousness of the offense," and "[i]t is inconceivable that [the] defendant

---

[2] Penal Code section 1465.8 was an urgency statute; thus, its enactment and effective date are the same. (Cal. Const., art. IV, § 8, subd. (c)(3) ["urgency statutes shall go into effect immediately upon their enactment"].)

[3] At the time *Alford* was decided, Penal Code former section 1465.8 provided in pertinent part: "(a)(1) To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed on every conviction for a criminal offense, including a traffic offense . . . .

"(2) For the purposes of this section, 'conviction' includes the dismissal of a traffic violation on the condition that the defendant attend a court-ordered traffic violator school . . . .

"(b) This fee shall be in addition to the state penalty assessed pursuant to Section 1464 and may not be included in the base fine to calculate the state penalty assessment as specified in subdivision (a) of Section 1464.

"(c) When bail is deposited for an offense to which this section applies, and for which a court appearance is not necessary, the person making the deposit shall also deposit a sufficient amount to include the fee prescribed by this section." (Pen. Code, former § 1465.8, added by Stats. 2003, ch. 159, § 25.)

would have decided not to commit his crime had he known in advance that this $20 fee would be imposed in addition to his 40-year-to-life sentence." (*Ibid.*)

As we shall explain, the language of Penal Code section 1465.8 is substantially similar (and in some cases identical) to that of section 70373 in many key respects and nearly all of the factors relied upon by the court in *Alford* are present here. Accordingly, imposition of the $30 court facilities assessment for defendant's crimes does not violate state and federal prohibitions against ex post facto laws.

> A. *The $30 Assessment Was Enacted for the Nonpunitive Purpose of "[E]nsur[ing] and [M]aintain[ing] [A]dequate [F]unding for [C]ourt [F]acilities . . . ."*

■ The first issue is whether the Legislature intended the $30 court facilities assessment to constitute punishment. (*Alford, supra,* 42 Cal.4th at p. 756.) The Legislature's purpose is set forth in the language of section 70373, subdivision (a)(1), which states that the assessment is imposed "[t]o ensure and maintain adequate funding for court facilities . . . ." (§ 70373, subd. (a)(1).) The maintenance of " ' "adequate funding for court security" ' " " 'is unambiguously a nonpunitive objective.' " (*Alford, supra,* 42 Cal.4th at p. 756, quoting *People v. Wallace* (2004) 120 Cal.App.4th 867, 875–876 [16 Cal.Rptr.3d 152].) Moreover, the court facilities assessment is not imposed merely upon persons convicted of a crime; it is imposed when a traffic violation charge is dismissed because the alleged violator attends traffic school and when bail is posted (§ 70373, subds. (a)(2), (c)). (See *Alford, supra,* 42 Cal.4th at p. 756.) Furthermore, the Legislature referred to the $30 amount due upon conviction by a nonpunitive term, labeling it as an "assessment." (*Id.* at p. 757.) As defendant points out, unlike Penal Code section 1465.8, Government Code section 70373 was not an urgency statute and it was not dependent on " 'trial court funding levels in budget line items.' " (*Alford,* at p. 756; see Stats. 2008, ch. 311, § 6.5.) Defendant, however, fails to explain how the absence of those factors demonstrates that the Legislature intended that the court facilities assessment constitute punishment. As previously discussed, the language of section 70373 supports the opposite conclusion. ■ Under these circumstances, we conclude the Legislature did not intend that the $30 assessment constitute punishment.

■ *People v. High* (2004) 119 Cal.App.4th 1192 [15 Cal.Rptr.3d 148] (*High*), relied on by defendant, is readily distinguishable. There, we held that the Legislature intended the "state court construction penalty" mandated by section 70372 "to be punitive as well as a source of money for the construction of court facilities," and thus, imposition of the penalty for a

crime committed before the statute's enactment date violated state and federal prohibitions against ex post facto laws. (*High*, at p. 1199.)[4] In doing so, we noted that the penalty is "calculated on 'every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses' at the rate of $5 for every $10," and thus, "tracks the seriousness of the underlying offense and its base penalty." (*High*, at p. 1198.) Therefore, "[t]he prospect of its imposition . . . has a similar deterrent effect to that of punitive statutes generally." (*Ibid.*) We further observed that the Legislature's use of the term "penalty" "confirms a punitive as well as a fundraising purpose behind the statute." (*Id.* at p. 1199.) Neither of those factors is present here. The amount of the court facilities assessment mandated by section 70373 is not dependent upon the seriousness of the offense, and the Legislature did not refer to the amount to be imposed as a penalty. Accordingly, *High* does not undercut our conclusion that the Legislature did not intend that the state court facilities assessment constitute punishment. (See *People v. Brooks* (2009) 175 Cal.App.4th Supp. 1, 5–7 [99 Cal.Rptr.3d 221] ["The section 70373(a)(1) assessment is more like the fee approved in *Alford* than the penalty and surcharge invalidated in *High* . . . ."].)

B. *The Court Facilities Assessment Is Not So Punitive As to Override the Legislature's Intent.*

Having concluded the state court facilities assessment was enacted for a nonpunitive purpose, we next consider whether the statutory scheme is so punitive as to override the Legislature's intent. (*Alford, supra,* 42 Cal.4th at p. 756.) As previously stated, only the " ' " 'clearest proof' " ' " will suffice to override the Legislature's intent. (*Id.* at p. 755.) Turning to the first *Alford* factor—whether a practice has historically been regarded as punishment—we acknowledge that "[f]ines arising from convictions are generally considered punishment." (*Id.* at pp. 757–758.) However, as was the case in *Alford*, "countervailing considerations undermine a punitive characterization." (*Ibid.*) The purpose of the court facilities assessment is not to punish but to ensure and maintain adequate funding for court facilities. (§ 70373, subd. (a)(1); see 42 Cal.4th at p. 758.) Moreover, section 70373 was enacted as part of a broader legislative scheme in which filing fees in civil, family, and probate cases were also raised. (See, e.g., §§ 70611 [unlimited civil filing fees], 70613, subd. (a) [limited civil filing fees], 70621 [fees for an appeal or petition for a writ in limited civil cases], 70654 [petitions for appointment of a guardian]; see also Sen. Bill No. 1407 (2007–2008 Reg. Sess.); Stats. 2008, ch. 311, §§ 10, 12.5, 14, 19.)

---

[4] At the time *High* was decided, former section 70372, subdivision (a) provided in pertinent part: "[T]here shall be levied a state court construction penalty, in addition to any other state or local penalty . . . in an amount equal to five dollars ($5) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." (Former § 70372, subd. (a), added by Stats. 2002, ch. 1082, § 4.)

As to the second factor—whether the assessment imposes an affirmative disability or restraint—it does not. (*Alford, supra,* 42 Cal.4th at p. 758.) The $30 assessment is a relatively small amount of money, and the statute imposes no physical restraint.

As to the third factor—whether the assessment promotes traditional aims of punishment—it does not. (*Alford, supra,* 42 Cal.4th at p. 759.) The assessment promotes "the planning, design, construction, rehabilitation, renovation, replacement, [and] acquisition of court facilities," not punishment and retribution. (Legis. Counsel's Dig., Sen. Bill No. 1407 (2007–2008 Reg. Sess.) p. 1.) Moreover, the amount of the assessment is not dependent on the seriousness of the offense. Furthermore, as with the $20 court security fee at issue in *Alford*, "[i]t is inconceivable that defendant would have decided not to commit [her] crime had [s]he known in advance that this $[3]0 fee would be imposed in addition to [her two year eight month] sentence." (42 Cal.4th at p. 759.)

As to the fourth factor—whether the $30 assessment has a rational connection to its nonpunitive purpose—it obviously does. (*Alford, supra,* 42 Cal.4th at p. 759.)

Turning to the fifth factor—whether the assessment is excessive with respect to its stated purpose of " 'ensur[ing] and maintain[ing] adequate funding for court security' "—it is not. (*Alford, supra,* 42 Cal.4th at p. 759.) The $30 assessment is minimal and was enacted as part of Senate Bill No. 1407 (2007–2008 Reg. Sess.), which, as previously noted, has as its purpose ensuring appropriate funding levels for "the planning, design, construction, rehabilitation, renovation, replacement, or acquisition of court facilities" (Legis. Counsel's Dig., Sen. Bill. No. 1407 (2007–2008 Reg. Sess.) p. 1).

█ In sum, there is no proof, much less the " 'clearest proof,' " that the $30 court facilities assessment is so punitive in its purpose or effect as to override the Legislature's intent. Accordingly, we conclude imposition of the assessment mandated by section 70373 for crimes committed before the statute's enactment does not violate state or federal prohibitions against ex post facto statutes. (See *People v. Brooks, supra,* 175 Cal.App.4th at p. Supp. 7 ["As with the court security fee upheld in *Alford*, these factors weigh predominantly in favor of finding the section 70373(a)(1) assessment nonpunitive, and therefore not a prohibited ex post facto law."].)

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Sims, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 9, 2010, S182209.