[No. G042891. Fourth Dist., Div. Three. Nov. 10, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
OCTAVIO REYES CORTEZ, Defendant and Appellant.

## COUNSEL

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Kevin Vienna, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BEDSWORTH, J.**—Octavio Reyes Cortez pleaded guilty to six counts of committing lewd acts upon a child (Pen. Code, § 288, subd. (a)), but appeals from the portion of his sentence which imposes a $30 "court facilities" fee on each of his six convictions. The fees were imposed pursuant to Government Code section 70373 (section 70373), and Cortez contends they are inappropriate in this case because (1) the statute authorizes them only for criminal convictions stemming from violations of the Vehicle Code or local ordinances authorized by the Vehicle Code, and (2) section 70373 was enacted after the dates of his crimes. We find the contentions unpersuasive.

By its terms, section 70373 applies to all "criminal" offenses, and that term is then defined as *"including* a traffic offense . . . involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code." (Italics added.) While we agree with Cortez's contention the statute could be worded more clearly, that is not the test for denying enforcement. Cortez's assertion that the statute is actually intended to apply to only two separate categories of offenses *which violate the Vehicle Code*— "criminal offenses" and "traffic offenses"—is both unsupported by any authority suggesting the Legislature has otherwise recognized those distinct categories within the Vehicle Code, and inconsistent with its characterization of "traffic offenses" as being *included within* "criminal offenses."

Cortez's contention that application of section 70373 to his crimes violates ex post facto principles is likewise unavailing. Liability for the facilities fees attaches upon the conviction, not the commission of the crime, and Cortez was convicted after the statute's effective date. And in any event, the fee is neither characterized, nor does it operate, as a penalty. Consequently, it is not subject to an ex post facto claim.

The judgment is affirmed.

## FACTS

On September 29, 2009, Cortez pleaded guilty to six counts of committing lewd acts on a child under the age of 14 years. (Pen. Code, § 288, subd. (a).) Specifically, he admitted that on February 8, 2006, he committed such a lewd act on a child identified as Jane Doe No. 1, and that between March 1, 1995, and March 31, 1995, he committed five such lewd acts on a child identified as Jane Doe No. 2.

Cortez was sentenced to state prison for a stipulated term of 18 years, and in addition to restitution fines and other fees, he was ordered to pay an assessment of $30 per conviction (a total of $180) pursuant to section 70373. He appeals only those fees.

## I

Section 70373 provides in part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463 of the Penal Code, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction." (*Id.*, subd. (a)(1).)

According to Cortez, the phrase "involving a violation of a section of the Vehicle Code [(etc.)]" relates back to the term "criminal offense," such that only criminal offenses which violate the Vehicle Code, and traffic offenses (other than parking offenses) which violate the Vehicle Code, trigger imposition of the fee. Thus, as Cortez was convicted of sexual offenses unrelated to the Vehicle Code, he argues he should be exempt from the fees.

Although we find the argument ultimately unpersuasive, we start by acknowledging, as Cortez contends, the statute is not optimally drafted. Unfortunately, the relevant language in its first sentence has a certain

ping-pong rhythm that makes Cortez's interpretation *feel* more persuasive than it actually is. That ping-pong effect is the result of having the exception for "parking offenses" inserted into the middle of the phrase "traffic offense[s] . . . [in] violation of . . . the Vehicle Code," and thus we have no quibble with Cortez's suggestion that the statute would be improved if the Legislature had moved that exception for "parking offenses" to the end of the sentence. Had it done so, the relevant language would state the fee applies to "every conviction for a criminal offense, including a traffic offense involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code, except parking offenses as defined in subdivision (i) of Section 1463 of the Penal Code." In our view, that would be better.

█ But the fact that a statute could have been drafted to more clearly state a rule does not, in and of itself, demonstrate the Legislature intended to state some *other* rule. Indeed, if that were true, it would just as easily defeat Cortez's argument as support it. Had the Legislature intended section 70373 to set forth the rule Cortez advocates here—i.e., that the facilities fee applies only to "a criminal offense in violation of the Vehicle Code"—it likewise could have stated *that rule* more clearly than is done in section 70373. Again, all we would need to do is relocate one phrase: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463 of the Penal Code." But section 70373 doesn't say that either.

And the fact the phrasing of section 70373 could be easily improved no matter which interpretation one favors, means its awkwardness is of no particular significance to our analysis here. We must analyze what the Legislature said, not speculate about what it might have said better.

So we start at the beginning of the relevant language, which states that the facilities fee assessment applies to "every conviction for a criminal offense, including a traffic offense." It then excludes parking offenses. The sole question is whether the phrase "a violation of . . . the Vehicle Code . . ." modifies the words "traffic offense" or the words "criminal offense." In arguing for the latter, Cortez makes a couple of arguments.

First, Cortez points out that, as a general rule, " 'an exception is considered as a limitation only upon the matter which directly precedes it . . . .' " (*Squaw Valley Ski Corp. v. Superior Court* (1992) 2 Cal.App.4th 1499, 1514 [3 Cal.Rptr.2d 897].) Thus, he notes that the phrase "except parking offenses" in section 70373 operates as a limitation on only the term "traffic

offense[s]." We have no quibble with that claim, but fail to see how it supports Cortez's ultimate point. The fact that "parking offenses" limits the term "traffic offense[s]" in section 70373 does not mean the phrase "a violation of . . . the Vehicle Code" cannot also relate to that term.

Cortez also points out that statutory interpretations which render terms meaningless are generally avoided (see *People v. Pearl* (2009) 172 Cal.App.4th 1280, 1290 [92 Cal.Rptr.3d 85]), and then relies upon a comparison to Penal Code section 1464 to suggest this rule would be violated if section 70373 were interpreted to apply to criminal offenses unrelated to the Vehicle Code. As Cortez explains, the specific reference to "traffic" offenses in section 70373 distinguishes it from the nearly identical language used in Penal Code section 1464,[1] which he implicitly acknowledges does apply to all criminal offenses—not merely those involving a violation of the Vehicle Code. He contends that interpreting the two statutes as having the same scope would render this distinction a nullity.

We are not persuaded. To the contrary, in our view, the comparison to Penal Code section 1464 severely undermines Cortez's position. Most significantly, the language of Penal Code section 1464, being essentially identical to that of section 70373, is every bit as awkward as that used in section 70373. In both cases, the exception for parking offenses is "parked" right in the middle of the reference to other "traffic offense[s]" in "violation of . . . the Vehicle Code" and thus leaves the reference to the Vehicle Code dangling uncomfortably at the end of the sentence. It would be better, in both cases, if the parking exception were moved to the end of the "offense[s in] violation of . . . the Vehicle Code" phrase.

Nonetheless, Cortez does not contend this awkward phrasing limits the scope of Penal Code section 1464. Despite its employment of the same unfortunate rhythm of "all criminal offenses, including [those, but excluding these, in] violation of . . . the Vehicle Code," Penal Code section 1464 has consistently been interpreted as applying to all criminal offenses, not merely those constituting a violation of the Vehicle Code. (See, e.g., *People v. Terrell* (1999) 69 Cal.App.4th 1246 [82 Cal.Rptr.2d 231] [possession of controlled substance]; *People v. Sierra* (1995) 37 Cal.App.4th 1690 [44 Cal.Rptr.2d 575] [transportation of methamphetamine]; *People v. Stewart* (2004) 117 Cal.App.4th 907 [12 Cal.Rptr.3d 171] [sex offenses].) And such consistent interpretation of a statute, without intervention by the Legislature, evidences legislative approval. "When a statute has been construed by judicial decision,

---

[1] Penal Code section 1464 imposes a monetary penalty on "all criminal offenses, including all offenses, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code."

and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it. (*City of Long Beach v. Workers' Comp. Appeals Bd.* (2005) 126 Cal.App.4th 298, 318–319 [23 Cal.Rptr.3d 782]; *People v. Masbruch* (1996) 13 Cal.4th 1001, 1007 [55 Cal.Rptr.2d 760, 920 P.2d 705].)" (*Stavropoulos v. Superior Court* (2006) 141 Cal.App.4th 190, 196 [45 Cal.Rptr.3d 705].)

■ In our view, the insertion of the word "traffic" in the phrase other "offense[s] . . . involving a violation of . . . the Vehicle Code," in section 70373, is not intended to be a significant alteration, but is instead merely descriptive of the "offenses" which involve a violation of the Vehicle Code. This interpretation is borne out by Vehicle Code section 1816, which refers to all offenses which are required to be reported to the DMV (Department of Motor Vehicles) under Vehicle Code section 1803—including those characterized by Cortez as "criminal"—as "traffic offenses."[2]

■ In fact, we can find no support at all for Cortez's suggestion that section 70373 recognizes two distinct categories of offenses *under the Vehicle Code*: i.e., "criminal" offenses and "traffic" offenses. To the contrary, the Vehicle Code, like the Penal Code, divides offenses into three categories— "felonies," "misdemeanors" and "infractions." (Veh. Code, § 40000.1 et seq.; Pen. Code, § 16.) Although an infraction, such as a simple moving violation under the Vehicle Code, is not punishable by imprisonment, it is generally subject to the same provisions of law which are applicable to misdemeanors. (Pen. Code, §§ 19.6, 19.7.) And all three categories of offenses are considered "crime[s] or public offense[s]." (Pen. Code, § 15; see *id.*, § 16.)

Thus, to interpret section 70373 as recognizing separate categories of "criminal" offenses and "traffic" offenses under the Vehicle Code is simply inconsistent with the way in which our law has otherwise defined "crimes and public offenses" to *include* both serious crimes and minor infractions. Consequently, we must reject Cortez's attempt to do just that.[3]

■ Despite its awkward construction, the scope of section 70373 can be logically construed in only one way—as applying to all criminal convictions,

---

[2] Vehicle Code section 1803 states that all violations of the Vehicle Code (with some listed exceptions) are required to be reported to the DMV. Vehicle Code section 1816, which governs traffic violations committed by juveniles, then refers to those reportable Vehicle Code offenses as "traffic offenses." These provisions, taken together, suggest that the term "traffic offenses" includes all reportable violations of the Vehicle Code, including the ones characterized by appellant as separate "criminal" offenses under the Vehicle Code. Apparently then, the Vehicle Code draws no such distinction.

[3] Such an interpretation is also inconsistent with the wording of section 70373 itself, which states that a "criminal offense" *includes* a "traffic offense." The use of the word "including" reflects that "traffic offenses" is a subcategory of "criminal offenses," rather than occupying a coequal status as one of two separate categories of Vehicle Code offenses.

including traffic offenses under the Vehicle Code. Thus, the court did not err in concluding it applied to Cortez's convictions for sex offenses.[4]

## II

Cortez's final argument is that application of the court facilities fee to his convictions violates ex post facto principles, because section 70373 was not enacted until after he committed the crimes. Again, we disagree.

■ First, as explained in *People v. Davis* (2010) 185 Cal.App.4th 998 [112 Cal.Rptr.3d 70], the fee authorized by section 70373 is triggered by a *conviction*, not the underlying criminal act. Thus, it properly applied, prospectively, to all convictions entered after the date of its enactment, including those of Cortez in this case.

■ Second, as determined by the court in *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492 [106 Cal.Rptr.3d 722], the court facilities fee does not operate as a penalty, and thus ex post facto principles do not apply. (See also *People v. Alford* (2007) 42 Cal.4th 749, 756 [68 Cal.Rptr.3d 310, 171 P.3d 32].)

In *Fleury*, the court noted that "*People v. High* (2004) 119 Cal.App.4th 1192 [15 Cal.Rptr.3d 148] (*High*), relied on by defendant [and by Cortez in this case], is readily distinguishable." (*People v. Fleury, supra*, 182 Cal.App.4th at p. 1492.) The *Fleury* court, which had also decided *High*, explained that in *High* "we held that the Legislature intended the 'state court construction penalty' mandated by [Government Code] section 70372 'to be punitive as well as a source of money for the construction of court facilities,' and thus, imposition of the penalty for a crime committed before the statute's enactment date violated state and federal prohibitions against ex post facto laws. (*High*, at p. 1199.) In doing so, we noted that the penalty is 'calculated on "every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses" at the rate of $5 for every $10,' and thus, 'tracks the seriousness of the underlying offense and its base penalty.' (*High*, at p. 1198.) Therefore, '[t]he prospect of its imposition . . . has a similar deterrent effect to that of punitive statutes generally.' (*Ibid.*) We further observed that the Legislature's use of the term 'penalty' 'confirms a punitive as well as a fundraising purpose behind the statute.' (*Id.* at p. 1199.) Neither of those factors is present here." (*People v. Fleury, supra*, 182 Cal.App.4th at pp. 1492–1493.)

---

[4] Because we have concluded the statute is not actually ambiguous, we need not consider application of the "rule of lenity" in this case. (*People v. Avery* (2002) 27 Cal.4th 49, 57–58 [115 Cal.Rptr.2d 403, 38 P.3d 1].)

We agree with *Fleury*'s reasoning, and adopt its conclusion here as well. Section 70373 is not a punitive statute, either in intent or operation, and thus the imposition of the court facilities fee mandated therein could not constitute a violation of ex post facto principles in this case.

## DISPOSITION

The judgment is affirmed.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.