Filed 2/26/14  P. v. Martinez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B245315 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA123248) |
| v. | |
| ARNULFO MARTINEZ MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed as modified.

Kevin Michele Finkelstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Pithey, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Arnulfo Martinez Martinez, appeals from a September 18, 2012 final judgment of conviction following a jury trial. Defendant struck the victim, Ixcoy Santos, in the head seven or eight times. This occurred after defendant drove into Mr. Santos's taxicab damaging it. After the accident, the two men got out of their automobiles, defendant struck Mr. Santos with a metal bar. The apparent cause of the incident was a dispute concerning a woman, Araceli Aguilar-Tejeda, who was riding in Mr. Santos's taxicab. A paramedic testified examined Mr. Santos at the scene of the attack. Mr. Santos had a three to five-inch laceration to the back of his head.

Defendant was convicted of five counts: count 1—deadly weapon assault (Pen.[1] Code, § 245, subd. (a)(1)); count 2—vandalism in an amount under $400 (§ 594, subd. (a)); count 3--battery with serious bodily injury (§§ 242, 243, subd. (d)); and counts 4 and 5—lesser included offenses of misdemeanor assault. (§ 240.) As to the deadly weapon assault charge, count 1, the jury also found a great bodily injury allegation to be true. (§ 12022.7, subd. (a).) As to the battery with serious bodily injury charge, count 2, the jury found the deadly weapon use allegation was true. (§ 12022, subd. (b)(1).) At the probation and sentencing hearing on September 18, 2012, the following sentence was imposed: three years for count 1 plus three years pursuant to section 12022.7, subdivision (a) for a total of six years; one year for count 2 to run concurrent with count 1; stayed sentences in counts 3 and 4 pursuant to section 654, subdivision (a); and one year for count 5 to run concurrent with count 1. Defendant was ordered to pay $15,122.81 in restitution to the Victims' Compensation Board, plus 10 percent interest from the sentencing date, pursuant to section 1202.4, subdivision (f). Defendant was also ordered to pay: a $240 restitution fine; a suspended parole revocation restitution fine; a $40 court security fee under section 1465.8, subdivision (a)(1); and a $30 court construction fee under Government Code section 70373, subdivision (a)(1). Defendant received total presentence credits of 125 days for actual custody plus 18 days of conduct credits for good time.

---

[1] Future statutory references are to the Penal Code unless otherwise noted.

On June 24, 2013, defendant's appellate counsel sought and received an amended judgment and minute order. Defendant had erroneously received a sentence of one year for count 5. Penal Code section 241 permits only a sentence of up to six months for misdemeanor assault. The amended judgment and minute order now indicates defendant receiving a sentence of six months for count 5.

We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On July 2, 2013, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wishes us to consider. No response has been received.

We have examined the entire record and identified the following issues. The Courts of Appeal have held the court security fee and the court facilities assessment apply to each count of which a defendant is convicted. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483-484; *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865-866; see *People v. Alford* (2007) 42 Cal.4th 749, 758, fn. 6.) The Courts of Appeal have held a section 654, subdivision (a) stay does not extend to a court security fee or court facilities assessment. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 865; *People v. Cortez* (2010) 189 Cal.App.4th 1436, 1443-1444; *People v. Lopez* (2010) 188 Cal.App.4th 474, 478-480; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1111-1112; *People v. Phillips* (2010) 186 Cal.App.4th 475, 477-479; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1488; *People v. Castillo*, *supra*, 182 Cal.App.4th at p. 1413; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371.) The parties submitted letter briefs regarding the above issues. Here, defendant received as fees $40 for the court security fees and $30 for the criminal conviction assessment. The court security fee and court facilities assessment apply to each count. The trial court should have imposed on defendant $150 for the criminal conviction assessment and $200 for the court security fees.

3

The judgment is modified to impose a $200 court security fee under Penal Code section 1465.8, subdivision (a)(1) and $150 criminal conviction assessment under Government Code section 70373, subdivision (a)(1).  The judgment is affirmed as modified.  Upon remittitur issuance, the clerk of the superior court is directed to prepare an amended abstract of judgment reflecting the changes and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.

4