Filed 8/25/20  P. v. Hope CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C090484 |
| v. | (Super. Ct. No. S19CRF0070) |
| JEFFRY ALAN HOPE, | |
| Defendant and Appellant. | |

Based on evidence that defendant Jeffry Alan Hope, while on probation, poured trash from a trash can all over a picnic table used by customers of a business in violation of a local code prohibiting littering, the trial court found that defendant violated the

1

condition of his probation that he obey all laws and sentenced him to two years in prison based on a previous stalking conviction.

Defendant now contends (1) his littering offense was an infraction not contemplated by the "obey all laws" probation condition, and (2) in the alternative, if the littering infraction was a breach of the probation condition, his due process rights were violated because the condition did not provide fair warning that he could be sent to prison for committing an infraction.[1]

Finding no merit in defendant's contentions, we will affirm the judgment.

BACKGROUND

In May 2019, defendant pleaded no contest to stalking. (Pen. Code, § 646.9, subd. (a).)[2] The trial court placed him on formal probation for three years with various terms and conditions, including that he obey all laws.

Approximately two months later, however, the People filed a petition to revoke defendant's probation, alleging that he violated the "obey all laws" probation condition

---

[1] Defendant also asserted in his opening brief that the trial court should have referred him to mental health diversion. But in a supplemental letter brief, he agreed with the People that the diversion contention is untimely. We agree that defendant's failure to seek mental health diversion in the trial court, well after Penal Code section 1001.36's effective date of June 27, 2018 (*People v. Torres* (2019) 39 Cal.App.5th 849, 855), is fatal to the claim on appeal. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 856 ["a defendant generally must preserve claims of trial error by contemporaneous objection as a prerequisite to raising them on appeal"].) The question of Penal Code section 1001.36's retroactivity to cases in which the judgment is not yet final -- recently addressed by our Supreme Court in *People v. Frahs* (2020) 9 Cal.5th 618 -- is not at issue here, because Penal Code section 1001.36 was effective months before defendant pleaded no contest. Because defendant concedes untimeliness, we do not address the issue further. (See *People v. King* (2000) 82 Cal.App.4th 1363, 1368, fn. 1 [not addressing further a contention that defendant conceded after filing his opening brief]; see also *Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1403, fn. 8.)

[2] Undesignated statutory references are to the Penal Code.

by violating South Lake Tahoe City Code section 4.50.030, subdivision (a),[3] which prohibits littering.  At an August 2019 hearing, the People presented evidence that defendant poured trash from an outside trash bin all over a picnic table used by customers of a beverage establishment.  At the conclusion of the hearing, the trial court sustained the petition, finding that defendant violated the City Code.  The trial court revoked probation, denied reinstatement, and sentenced defendant to the middle term of two years in prison with 132 days of presentence credit.

DISCUSSION

I

Defendant contends his littering offense was an infraction not contemplated by the "obey all laws" probation condition.  He argues that because an infraction is not punishable by imprisonment and does not bear the social stigma of felonies and misdemeanors, his commission of an infraction could not implicate the "obey all laws" condition of his probation.

The Penal Code divides offenses into felonies, misdemeanors and infractions. (*People v. Cortez* (2010) 189 Cal.App.4th 1436, 1442; § 16.)  Although an infraction is not punishable by imprisonment, it is generally subject to the same provisions of law

---

[3]  Though neither party requested we take judicial notice of the provision, they agree it states, in relevant part:  "It shall be unlawful for any person to throw, dump, scatter, discard, place or deposit litter in any manner or amount on any highway, road, right-of-way, or public or private property within the corporate limits of the city, except in containers or areas lawfully provided for that use."  We accept the parties' shared representation of the provision's language.  (See *Meddock v. County of Yolo* (2013) 220 Cal.App.4th 170, 175, fn. 3 ["Although we generally disregard unsupported assertions [citation], where the parties agree, we accept their agreed facts as mutual concessions [citation]"]; cf. *Mani Brothers Real Estate Group v. City of Los Angeles* (2007) 153 Cal.App.4th 1385, 1403, fn. 4 [denying the City of Los Angeles's request the court take judicial notice of city ordinances, because "the requested materials were not brought before the decisionmaking body and considered by it"].)

3

applicable to misdemeanors. (*Cortez,* at p. 1442; §§ 19.6, 19.7.) All three categories of offenses are considered crimes or public offenses. (*Cortez,* at p. 1442; §§ 15, 16.) Defendant's arguments, which invoke decisions from Alaska and Hawaii, are not persuasive because in California the commission of an infraction involves the failure to obey the law. (§§ 15, 16.) Arguments regarding the level of punishment or the extent of social stigma are not dispositive in determining whether defendant obeyed all laws.

A trial court has "very broad discretion in determining whether a probationer has violated probation." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) On this record, the trial court did not abuse its discretion in ruling that defendant violated probation by failing to obey all laws. Given this conclusion, we need not address the People's argument (disputed by defendant) that defendant's conduct was also a misdemeanor offense.

II

Defendant further argues, in the alternative, that if the littering infraction was a breach of the "obey all laws" probation condition, his due process rights were violated because the condition did not provide fair warning that he could be sent to prison for committing an infraction.

We review a constitutional challenge to a probation condition de novo, and contrary to the People's assertion, such a challenge is not forfeited by a failure to raise the challenge in the trial court. (*People v. Nice* (2016) 247 Cal.App.4th 928, 945, review granted Aug. 24, 2016 & dismissed Mar. 23, 2017, S235635; see also *People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080.)

Even if defendant did not realize that the probation condition to obey all laws meant what it said, or that dumping the contents of a trash can on business property could result in prison time, his mistake of law does not offend due process. Ignorance of the law is no excuse. (*People v. Mills* (1992) 6 Cal.App.4th 1278, 1290-1291.) An offender is on constructive notice, and there is no due process violation, so long as the relevant

4

provision is in force at the time of the offender's conduct. (*People v. Sweet* (1989) 207 Cal.App.3d 78, 87.)

DISPOSITION

The judgment is affirmed.

/S/ _____

MAURO, J.

We concur:

/S/ _____

RAYE, P. J.

/S/ _____

ROBIE, J.