Filed 1/25/21  P. v. Johnson CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047505 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS052400A) |
| v. | |
| RODRICK JOHNSON, | |
| Defendant and Appellant. | |

Appellant Rodrick Johnson filed a postjudgment motion in the trial court challenging the imposition of restitution fines and a court operations assessment in his criminal case without holding a hearing on his ability to pay them.  The court denied the motion, and Johnson appealed.  His appellate counsel filed an opening brief under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) raising no issues on appeal.  For the reasons explained below, we conclude that Johnson's appeal is taken from a nonappealable order and thus dismiss his appeal.

## I. FACTS AND PROCEDURAL BACKGROUND

In 2007, Johnson pleaded no contest to two counts of robbery and one count of kidnapping (Pen. Code, §§ 207, 211).[1]  He was sentenced to serve 40 years in prison.

---

[1] Unspecified statutory references are to the Penal Code.

Regarding the fines and fees, the trial court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)), a suspended $10,000 parole revocation restitution fine (§ 1202.45), and a $60 court operations assessment (§ 1465.8). The trial court also ordered victim restitution in the amount of $301,359 (§ 1202.4, subd. (f)). Johnson did not appeal from the judgment of conviction.[2]

Over 12 years after he was sentenced, on September 25, 2019, Johnson filed an ex parte motion requesting that the trial court vacate the court operations assessment and restitution fines[3] pursuant to section 1237.2 and *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) (motion).[4] He further argued that he had not forfeited his due process argument under *Dueñas*.

---

[2] In December 2018, a panel of this court issued an unpublished opinion dismissing an appeal by Johnson of a trial court order denying his postjudgment motion to correct, reduce, or modify his sentence by striking the term imposed for a firearm enhancement he received at sentencing. Johnson argued that the recent passage of Senate Bill No. 620 entitled him to such relief. This court rejected that contention and also concluded that his supplemental brief, which requested habeas relief, failed to raise an arguable issue on appeal. (See *People v. Johnson* (Dec. 21, 2018, H045741) 2018 WL 6716996, at *1–2.) On our own motion, we take judicial notice of the record in that case, No. H045741. (See Evid. Code, §§ 452, subd. (d), 459.)

[3] Johnson's motion also requested that the trial court vacate a "conviction assessment," but the abstract of judgment attached to his motion does not reflect that the trial court imposed such an assessment. Government Code section 70373, authorizing imposition of assessments on criminal convictions (known as a court facilities assessment), did not take effect until January 1, 2009, well after Johnson's 2007 conviction. (Gov. Code, § 70373, subd. (a)(1), *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1489.)

[4] Johnson's motion also appeared to request that the trial court vacate its order on victim restitution. Other than noting in his supplemental brief on appeal that direct victim restitution is distinct from a restitution fine, Johnson does not raise any claim related to the direct victim restitution he was ordered to pay and, consequently, has abandoned any claim related to that form of restitution. In any event, *Dueñas* distinguished direct victim restitution from a restitution fine, stating that victim restitution "goes directly to victims and compensates them for economic losses they have suffered because of the defendant's crime" and that victim restitution was not at issue in that case. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1169.)

On October 9, 2019, the trial court summarily denied Johnson's motion, and Johnson timely appealed the trial court's order. We appointed counsel to represent Johnson in this court. Appointed counsel filed an opening briefing pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496 that raised no issues. We notified Johnson of his right to submit written argument on his own behalf within 30 days.

Johnson timely filed a supplemental brief on his own behalf. In his supplemental brief, Johnson challenges primarily the restitution fine of $10,000 imposed pursuant to section 1202.4, subdivision (b). Johnson alleges the restitution fine was unlawful because there was no hearing conducted on his "individual ability to make restitutional [*sic*] payment." To support his argument that a hearing was required in his case, Johnson relies primarily on *Dueñas*. He also appears to argue that the restitution fine was barred by the excessive fines clause in the Eighth Amendment of the United States Constitution, relying primarily on *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.

Addressing forfeiture, Johnson further argues that at the "time of sentence and trial, [he] was not made aware of his right to contest the fine through the court or through counsel as the counsel under [*Dueñas*]" had done and that we may, as have other courts, "decline [] to find forfeiture." He further states, citing to a statute relating to prison inmate indigency (§ 5007.7), that we must find that he "did not waive his right to contest the fine imposed exceeding his ability or inability to pay." Johnson contends we must remand his case to the trial court for further factfinding on his ability to pay.

## II. DISCUSSION

Because Johnson has filed a supplemental brief, we do not dismiss the appeal as abandoned but instead consider his contentions. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278 (*Cole*).)

We begin by analyzing the threshold issues of jurisdiction and appealability. "Generally, once a judgment is rendered and execution of the sentence has begun, the

3

trial court does not have jurisdiction to vacate or modify the sentence. [Citations.] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).)

There are some exceptions to this general rule regarding jurisdiction to vacate or modify a sentence after the judgment is rendered and the sentence is executed, but Johnson's "claim under *Dueñas*, which is based upon factual arguments concerning his ability to pay, does not fall within any of these exceptions." (*Torres*, *supra*, 44 Cal.App.5th at p. 1085; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204–1208.) More specifically, even assuming arguendo that *Dueñas* was correctly decided,[5] the restitution fine here does not fall within the " ' "unauthorized sentence" ' " exception, which is " ' " 'a narrow exception.' " ' "[6] (See *People v. Jinkins* (2020) 58 Cal.App.5th 707, 712–713 (*Jinkins*); see also *G.C.*, at p. 1130; *People v. Avila* (2009) 46 Cal.4th 680, 729.) Johnson fails to articulate in his supplemental brief any arguable claim that the trial court had jurisdiction to entertain his motion and made an error when it denied his motion.

---

[5] Panels of this court and other Courts of Appeal have reached differing conclusions on whether *Dueñas* was correctly decided, and the issue is pending before the California Supreme Court. (See, e.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844; *People v. Hicks* (2019) 40 Cal.App.5th 320, 325–329, review granted Nov. 26, 2019, S258946.)

[6] As described above, Johnson also appears to argue that the restitution fine is barred by the Eighth Amendment of the United States Constitution. Johnson forfeited any argument on those grounds by failing to raise it in his postjudgment motion in the trial court. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 720; *People v. Miracle* (2018) 6 Cal.5th 318, 356; see also *People v. Carrasco* (2014) 59 Cal.4th 924, 981 [forfeiture with respect to a new trial motion].) Moreover, even assuming that Johnson's excessive fines argument is preserved for this appeal, like his claim under *Dueñas*, the excessive fines argument fails to demonstrate that the restitution fine is an unauthorized sentence, i.e., "a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1130 (*G.C.*).)

For these reasons, we conclude the trial court's postjudgment order denying Johnson's motion to vacate fines and fees—which Johnson filed many years after the restitution fine and court operations assessment were imposed, he began serving his sentence, and the judgment became final—is not appealable.  Accordingly, Johnson's appeal must be dismissed.  (See *Torres*, *supra*, 44 Cal.App.5th at p. 1088; *Jinkins*, *supra*, 58 Cal.App.5th at pp. 712–713; see also *People v. Mendez* (2012) 209 Cal.App.4th 32, 34, fn. 1.)

## III.  DISPOSITION

The appeal is dismissed.

_____
                                    Danner, J.

WE CONCUR:


_____
Greenwood, P.J.


_____
Grover, J.

**H047505**
***People v. Johnson***