Filed 3/2/21  P. v. Wilcox CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C089663 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17CF04579, 18CF04316) |
| v. | |
| EARL BYRON WILCOX III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Earl Byron Wilcox III filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we conclude the trial court erred in staying the mandatory assessments on one of defendant's convictions, and that errors in the abstract of judgment related to the court operations and court facilities assessments must be corrected.  We shall modify the judgment accordingly and direct the clerk to prepare an amended abstract of judgment correcting the identified errors.  We find no other arguable

1

error that would result in a disposition more favorable to defendant and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

**Butte County Case No. 17CF04579 (the assault case)**

In September 2017 defendant was charged in Butte County case No. 17CF04579 with two counts of assault with a deadly weapon against D.C. and D.C.'s son, respectively (Pen. Code, § 245, subd. (a)(1)),[1] vandalism with over $400 in damage (§ 594, subd. (a)), and misdemeanor exhibiting a deadly weapon (§ 417, subd. (a)(1)). Defendant pleaded not guilty and was released on bail.

**Butte County Case No. 18CF04316 (the domestic violence case)**

In July 2018 defendant was charged in Butte County case No. 18CF04316 with injuring V.C., a spouse or cohabitant (§ 273.5, subd. (a)) while released on bail in the assault case (§ 12022.1), and with exhibiting a deadly weapon (§ 471, subd. (a)(1)). The court granted a criminal protective order pursuant to section 136.2 protecting V.C. from any contact with defendant. Defendant pleaded not guilty. He was released on his own recognizance.

**Motion to Consolidate**

In September 2018 the prosecutor moved to consolidate the assault case and the domestic violence case, as well as a third case, Butte County case No. 18CM04920 (the battery case). The court granted the motion, and the prosecutor filed a consolidated information in December 2018.

The consolidated information alleged that on July 10, 2017, defendant assaulted D.C. with a deadly weapon, a metal bar (§ 245, subd. (a)(1), count 1), assaulted D.C.'s son with a deadly weapon, a metal bar (§ 245, subd. (a)(1), count 2), vandalized another's

---

[1]    Further undesignated statutory references are to the Penal Code.

2

property causing over $400 in damage (§ 594, subd. (a), count 3), and exhibited a deadly weapon (§ 417, subd. (a)(1), count 4). It further alleged that on July 21, 2018, defendant injured V.C., a spouse or cohabitant (§ 273.5, subd. (a), count 5), while released on bail or own recognizance (§ 12022.1), and that he exhibited a deadly weapon (§ 417, subd. (a)(1), count 6). Finally, the consolidated information alleged that on August 12, 2018, defendant committed battery against V.C. (§ 243, subd. (e)(1), count 7), and disobeyed a domestic relations court order (§ 273.6, subd. (a), count 8).

The consolidated cases were tried to a jury, and the following evidence was adduced at trial.

**First Jury Trial**

In 2017 defendant and V.C. were involved in a romantic relationship. V.C. was the former wife of D.C. Although D.C. had initially tried to help defendant by giving him work, there was animosity between the men after V.C. began dating defendant even though she had rekindled her relationship with D.C.

On July 10, 2017, D.C. was inside his home with his children when he heard something strike the door and then heard glass breaking. His minor daughter ran outside and D.C. followed. She saw defendant breaking the windows of their car. D.C. saw defendant running down the driveway away from his car holding a "breaker bar," which is used to loosen lug nuts and bolts. The car had been dented along the side, and the rear window and taillights were broken, resulting in over $400 worth of damage.

D.C.'s daughter chased after defendant, and defendant turned around and swung the metal bar at her. D.C. caught up to defendant and tried to stop him until law enforcement arrived. Defendant swung the bar at D.C., hitting him several times. D.C.'s son ran up and also got involved in the melee; he testified someone swung something at him during the confrontation and that he ended up with a bloody nose.

When officers arrived, they found defendant near the roadway holding the breaker bar. He was handcuffed and detained. Officers recovered the metal bar, which was admitted at trial.

V.C. testified that sometime in July 2018 she and defendant got into an argument. Her son arrived at the house with his girlfriend and found her crying on her stairs; her shoulder was injured, and she said defendant had hit her. Her son confronted defendant, and defendant admitted he had hit V.C. When V.C.'s son told defendant he needed to leave the house, defendant refused and pulled out a knife. They engaged in a physical fight. V.C. got involved in the fight as well. Deputies responded to the scene and arrested defendant. V.C. subsequently reported to the deputies that defendant had pushed her down in the gravel.

V.C. also testified that on August 12, 2018, deputies responded to her home after she and defendant got into a physical altercation when she started throwing his things out of her car. She told the deputies that there was a restraining order in place, and that she and defendant had gotten into a fight over personal property.[2] She testified that she had received a copy of a restraining order prohibiting defendant from contacting her, and that she and defendant had probably discussed the restraining order.

The jury found defendant guilty of felony vandalism (count 3), exhibiting a deadly weapon (counts 4 & 6), injuring a spouse or cohabitant (count 5), battery (count 7), and disobeying a domestic relations order (count 8). The jury could not reach a verdict on counts 1 and 2, and the court declared a mistrial as to those counts. The trial court subsequently found true the on-bail enhancement attached to count five. On February 14, 2019, the trial court terminated the previously issued protective order.

---

[2]     The trial court took judicial notice of the restraining order and admitted it at trial.

4

**Butte County Case No. 19CF00031**

Based on testimony during the first trial, the prosecutor charged defendant in Butte County case No. 19CF00031 with a single count of assault with a deadly weapon against D.C.'s daughter (§ 245, subd. (a)(1)). Defendant pleaded not guilty to the charge.

The prosecutor moved to consolidate the assault case involving D.C.'s daughter with the assault case involving D.C. and D.C.'s son. The trial court granted the motion.

**Second Jury Trial**

In April 2019 defendant was tried again. D.C., his son, and his daughter all provided similar testimony as during the first trial. They testified that they were inside their home when defendant showed up and hit their house and car with a metal bar. D.C. and his daughter chased defendant and he swung the metal bar at them. D.C. tackled defendant as he tried to escape into a waiting car driven by V.C. D.C.'s son joined in the ensuing struggle and defendant swung the metal bar at him; he ended up with a bloody nose, but was not sure what caused his nose to bleed. During the altercation, defendant hit D.C. several times with the metal bar.

The jury found defendant guilty of assaulting D.C. with a deadly weapon (count 1), but not guilty of the assault charges against D.C.'s son and daughter (counts 2 & 3). Following the jury's verdict, the court found defendant in violation of probation in another matter (case No. SCR102436).

**Judgment and Sentencing**

On May 16, 2019, the trial court sentenced defendant to an aggregate term of seven years eight months in prison. For the assault case (case No. 17CF04579), the court imposed the upper term of four years for the assault with a deadly weapon offense against D.C., a consecutive eight months (one-third the midterm) for the vandalism offense, and six months in county jail for the exhibiting a weapon offense, which was stayed under section 654. For the domestic violence case (case No. 18CF04316), the court imposed a consecutive one-year term (one-third the midterm) for the corporal injury offense, plus

two years for the on-bail enhancement and a concurrent six-month term for the exhibiting a weapon offense. For the battery case (case No. 18CM04920), the court imposed concurrent terms of one year for the battery and disobeying a domestic relations order offense. The court terminated defendant's probation as unsuccessful in case No. SCR102436 and sentenced him to a concurrent one-year term.

For both the assault case and the domestic violence case, the trial court imposed a $300 restitution fine (§ 1202.4), and a $300 parole revocation restitution fine (§ 1202.45), which was suspended unless parole was revoked; the court imposed a $150 restitution fine in the battery case, but did not impose a corresponding $150 parole revocation restitution fine. The court ordered direct victim restitution to D.C. in the amount of $5,049.60, and reserved jurisdiction on direct victim restitution to V.C.

The court imposed a $40 court operations assessment for each conviction (§ 1465.8) and a $30 court facilities assessment for each conviction (Gov. Code, § 70373); the court stayed the mandatory assessments on count 4 (exhibiting a deadly weapon). The court imposed a $39 theft fine for count 3 (vandalism) in the assault case (§ 1202.5). The court found defendant had no ability to pay the domestic violence program fee and it waived the presentence investigation report fee. The court lifted the stay on the probation revocation restitution fine in case No. SCR102436 and ordered him to pay the fines as previously ordered.

The court awarded defendant 268 actual days and 268 conduct days in the assault case, and 20 actual days and 20 conduct days in the domestic violence case.

Defendant timely appealed both the assault case and the domestic violence case.

**DISCUSSION**

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30

days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we conclude the court erred in imposing the mandatory assessments on count 4 in the assault case, and on the parole revocation restitution fine in the battery case; we have also identified errors in the abstract of judgment related to the court operations and court facilities assessments.

For the exhibiting a deadly weapon offense in the assault case, the court imposed six months in county jail, but stayed the term under section 654. The trial court then imposed a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373) on that count, and stayed the assessments. This was error.

"Our Supreme Court has held, '[S]ection 654 prohibits the use of a conviction for any punitive purpose if the sentence on that conviction is stayed.' " (*People v. Sharret* (2011) 191 Cal.App.4th 859, 865, citing *People v. Pearson* (1986) 42 Cal.3d 351, 361, disapproved on other grounds in *People v. Vidana* (2016) 1 Cal.5th 632, 650-651.) But the assessments mandated by section 1465.8 and Government Code section 70373 do not constitute punishment. (*People v. Alford* (2007) 42 Cal.4th 749, 757 [§ 1465.8 not punitive in nature]; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492 [Gov. Code, § 70373 not intended as punishment].) The trial court, then, lacked the authority to stay the mandatory assessments. (See e.g., *People v. Woods* (2010) 191 Cal.App.4th 269, 271-272.) We shall correct the judgment accordingly.

We shall also modify the judgment to impose a $150 parole revocation restitution fine in the battery case. Section 1202.45 provides in relevant part: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.45, subd. (a).)

7

Here, the trial court imposed a $150 restitution fine pursuant to section 1202.4, but failed to impose an identical parole revocation restitution fine under section 1202.45.

We shall also order that the felony abstract of judgment be corrected to reflect that for the three felonies of which defendant was convicted, the court imposed a $40 court operations assessment for each offense (totaling $120) and a $30 court facilities assessment for each offense (totaling $90). The abstract of judgment improperly reflects a $160 court operations assessment and a $120 court facilities assessment.

## DISPOSITION

Defendant's convictions are affirmed. The judgment is modified to lift the stay on the respective court operations and court facilities assessments on the exhibiting a deadly weapon offense in case No. 17CF04579, and to impose a $150 parole revocation restitution fine in case No. 18CM04920. As so modified, the judgment is affirmed. The court shall prepare an amended abstract of judgment reflecting the proper fines, fees, and assessments imposed, and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


          /s/
          RAYE, P. J.



We concur:



      /s/
ROBIE, J.



      /s/
MURRAY, J.

8