Filed 10/21/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B251492 |
| Plaintiff and Respondent, | (Super. Ct. No. 2013000558) |
| v. | (Ventura County) |
| JEFFREY HARBISON, | |
| Defendant and Appellant. | |

Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (the Act), was approved by the voters in the November 7, 2000, General Election. The Act dramatically changed the options for sentencing defendants convicted of nonviolent drug possession offenses,[1] "[n]otwithstanding any other provision of law." (Pen. Code, § 1210.1, subd. (a).)[2] As with sentencing pursuant to the determinate, indeterminate, and violent sex crime statutes, the Act establishes yet another unique alternative sentencing scheme. (See *People v. Neely* (2009) 176 Cal.App.4th 787, 798-800 & fn. 7.)

---

[1] (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) Analysis of Prop. 36 by Legislative Analyst, p. 23 [hereafter Ballot Pamphlet].)

[2] All statutory references are to the Penal Code unless otherwise stated. References to section 1210.1 designate former Penal Code section 1210.1 because the 2006 amendments to that section were held unconstitutional and invalid. (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 647-648, fn. 2.) Occasionally section 1210.1 will be identified as "Proposition 36."

The Act's alternative sentencing scheme mandates probation and drug treatment instead of incarceration for qualifying offenders. (§ 1210.1, subd. (a).)[3] It also specifies five categories of such offenders who are ineligible for treatment. This case concerns one discrete category: those who have at least twice participated in two separate courses of drug treatment under section 1210.1, subdivision (a) and are "found by the court . . . to be unamenable to any and all forms of available drug treatment." (§ 1210.1, subd. (b)(5).)[4] The Act underscores the exclusivity of this section by stating, "[n]otwithstanding any other provision of law, the trial court shall sentence [such] defendant[s] to 30 days in jail." (*Ibid.*) Here we hold that persons who are convicted of simple possession of controlled substances and found to be unamenable to treatment must be sentenced to 30 days in jail. No more, no less, and nothing else, "[n]otwithstanding any other provision of law." (*Ibid.*)

Jeffrey Harbison appeals from the judgment following his conviction by jury of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and being under the influence of methamphetamine. (*Id.* § 11550, subd. (a).) The trial court found appellant was not amenable to treatment, pursuant to section 1210.1, subdivision (b)(5); placed him on probation for three years; and imposed multiple conditions including 120 days in county jail. Appellant contends the only sentence that the trial court could impose was the mandated 30 days in jail. (§ 1210.1, subd. (b)(5).) We agree and strike the order granting appellant probation and direct the trial court to impose the mandated 30-day jail sentence. We also modify the judgment to reflect the imposition of a mandatory fee and assessment, but otherwise affirm.

---

[3] Section 1210.1, subdivision (a) provides in relevant part: "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program."

[4] Section 1210.1, subdivision (b)(5) does not purport to limit the number of times a defendant can be referred for treatment.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Current Offenses

Appellant was the passenger in a car stopped by a police officer for having a faulty tail lamp. The officer examined appellant, concluded he was under the influence of a controlled substance and arrested him. In the ensuing search of appellant, the officer found a plastic bottle containing .71 grams of methamphetamine. The jury convicted appellant of possessing and being under the influence of methamphetamine.

### Appellant's History

Appellant was 57 years old at the time of sentencing. At age 30 he began abusing controlled substances. A decade later methamphetamine became his drug of preference and he used it daily. In 1997 he was first convicted of personal possession of methamphetamine. (Health & Saf. Code, § 11377.) He was granted diversion but failed in that program. Charges were reinstated. From 1997 through 2003 he was convicted seven times of possessing or being under the influence of methamphetamine and was repeatedly placed on probation which he violated with equal frequency. In 2001 his probation was converted to Proposition 36 probation.

In November 2003 his probation was terminated and he was sentenced to a determinate prison term. (§ 1210.1, subd. (e)(1).) Appellant was released on parole in January 2005. Five months later he reoffended and was again placed on Proposition 36 probation. This grant was terminated in January 2007 for being under the influence of a controlled substance. He was subsequently granted formal probation "without regard to the provisions of [Proposition 36]" including a condition that he serve 90 days in jail. (§§ 1210.1, subd. (e)(1), 1203.) In 2013 he was convicted of the present charges.

### The Current Sentence

At the probation and sentencing hearing the court and counsel discussed Proposition 36 treatment as an option. Considerable attention was given to appellant's record and the statements of his sister and his father. Their concern for appellant and their frustration with him were evident. The prosecutor argued that appellant was not amenable to treatment. The trial court agreed and found "by clear and convincing

3

evidence [that appellant was] unamenable to any and all forms of available drug treatment." (§ 1210.1, subd. (b)(5).)

In discussing the appropriate sentence, the prosecutor argued that notwithstanding its express language, section 1210.1, subdivision (b)(5) set a minimum term of 30 days in custody as a component of the court's sentence. Appellant's counsel disagreed, arguing that the statute mandated a sentence of 30 days in jail. The trial court stated it had "the obligation and right[] under the Rules of Court and principles of sentencing to impose what it deem[ed] appropriate." It continued, stating appellant's case should not "be treated differently than any other individual non-proposition [36] felony drug case similarly situated." Based upon the amount of methamphetamine appellant possessed (.71 grams), as well as other factors, the trial court suspended imposition of sentence and placed him on probation for three years, including a condition that he serve 120 days in jail.

## DISCUSSION

Appellant contends that the trial court erred by granting him probation because the only sentence authorized by section 1210.1, subdivision (b)(5) is a 30-day jail term. We agree.

"Issues of statutory interpretation are questions of law subject to de novo review." (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.) "In interpreting a voter initiative such as Proposition 36, we apply the same principles that govern the construction of a statute. [Citations.] 'Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]'" (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 (*Canty*).) In the case of a voter initiative, "[o]ur role . . . is to ascertain the Legislature's intent . . . . [¶] Our first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning. If the language is clear and unambiguous, we follow the plain meaning of the measure. [T]he plain meaning rule does not prohibit a court from determining whether the literal meaning of a measure comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute." (*Ibid.,* citations and

4

internal quotation marks omitted.)  The language of the initiative, and the analyses and argument in the official ballot pamphlet reflect the voters' intent.  (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

*Section 1210.1, Subdivision (b)(5) Mandates a 30-Day Jail Sentence*

"In enacting Proposition 36, the California electorate declared its purpose and intent:  '(a) To divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses;  [¶]  (b) To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment; and [¶]  (c) To enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies.' (Prop. 36, § 3.)"  (*People v. Guzman* (2003) 109 Cal.App.4th 341, 345-346.)[5]

"Proposition 36 outlines an alternative sentencing scheme for those convicted of certain narcotics offenses. In effect, *it acts as an exception to the punishment specified in an individual narcotics offense*."  (*In re Varnell* (2003) 30 Cal.4th 1132, 1136, italics added.)  That scheme mandates probation and treatment in lieu of incarceration for most nonviolent drug offenders, pursuant to section 1210.1, subdivision (a).  (*Canty, supra*, 32 Cal.4th at p. 1275.)  "The mandate of probation and treatment, however, does not apply to five defined classes of defendants" in subdivision (b) of section 1210.1.[6]  (*Varnell,* at p. 1136.)  Those other classes have been "summarized as:

_____

[5] The intent and purpose of the Act are set forth in section 3 of Proposition 36, the legislative analysis, and the proponents' ballot arguments.  (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) text of Prop. 36, § 3, pp. 66, 22-26; see Historical and Statutory Notes, 50D West's Ann. Pen. Code (2000 ed.) foll. § 1210, p. 640.)

[6] Section 1210.1, subdivision (b) provides:  "Subdivision (a) shall not apply to any of the following:  [¶]  (1) Any defendant who previously has been convicted of one or more violent or serious felonies as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, respectively, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in a felony conviction other than a nonviolent drug possession offense, or a misdemeanor conviction involving

5

1) conviction of prior strike offenses within five years; 2) convictions in the same proceeding for a nondrug misdemeanor or for any felony; 3) firearm involvement; 4) refusal of drug treatment; and 5) two prior failures in Proposition 36 treatment programs and proof of unamenability to drug treatment." (*People v. Esparza* (2003) 107 Cal.App.4th 691, 696.)

Appellant was ineligible for Proposition 36 probation pursuant to subdivision (b)(5) of section 1210.1, because he was "found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment." That statute instructs that as a consequence of such a finding, appellant was to be sentenced to 30 days in jail "*[n]otwithstanding any other provision of law.*" (§ 1210.1, subd. (b)(5), italics added.)[7] "If exclusion is based on any grounds *other than* section 1210.1(b)(5), traditional sanctions may be imposed." (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2014) ¶ 9:7, p. 9-17.)

Respondent urges us to construe the 30-day sentence mandated by section 1210.1, subdivision (b)(5) as a statutory minimum. We cannot do so, however, without inserting "at least" into the statute, under the guise of interpreting unambiguous statutory language. (*People v. Guzman* (2005) 35 Cal.4th 577, 587.) Doing so would "'violate[] the cardinal rule of statutory construction that courts must not add provisions to statutes. [Citations.] This rule has been codified in California as [Code of Civil Procedure]

---

physical injury or the threat of physical injury to another person. [¶] (2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony. [¶] (3) Any defendant who, while armed with a deadly weapon, with the intent to use the same as a deadly weapon, unlawfully possesses or is under the influence of any controlled substance identified in Section 11054, 11055, 11056, 11057, or 11058 of the Health and Safety Code. [¶] (4) Any defendant who refuses drug treatment as a condition of probation. [¶] (5) Any defendant who has two separate convictions for nonviolent drug possession offenses, has participated in two separate courses of drug treatment pursuant to subdivision (a), and is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment, as defined in subdivision (b) of Section 1210. Notwithstanding any other provision of law, the trial court shall sentence that defendant to 30 days in jail."

[7] The dissent's assertion that voters having read the ballot pamphlet would be "shocked" at the mandated 30-day sentence ignores the Legislative Analyst's ballot statement expressly stating that one found to be unamenable "would be sentenced to 30 days in county jail."

6

section 1858, which provides that a court must not "insert what has been omitted" from a statute.' [Citation.]" (*Id.* at p. 587.)

Respondent argues that interpreting section 1210.1, subdivision (b)(5) "as setting a fixed term of only 30 days" leads to the absurd result of "completely abrogat[ing] the existing statutory scheme for recidivist narcotics offenders." We disagree. As the Legislative Analyst explained, "certain offenders would be excluded from [the provisions of Proposition 36] and thus could be sentenced by a court to a state prison, county jail, or probation without drug treatment[, including] an offender who . . . was under the influence of certain . . . illegal drugs while using a firearm." (Ballot Pamp., *supra*, Proposal, Drug Offenders Convicted in Court, Some Offenders Excluded, p. 23.) As its proponents explained, Proposition 36 is "strictly limited [and] only affects those guilty of simple drug possession[;]" and several categories of defendants will not be eligible for treatment, including those with previous recent violent or serious felony convictions, those convicted of selling drugs, and those convicted of a non-drug crime along with drug possession. (Ballot Pamphlet, *supra*, Argument in Favor of Prop. 36, p. 26.) Further, "[i]f probation is revoked pursuant to [the Act], the defendant may be incarcerated pursuant to otherwise applicable law without regard to the provisions of this section." (§ 1210.1, subd. (e)(1).)

Respondent asserts that if the 30-day sentence of section 1210.1 subdivision (b)(5) is not treated as a statutory minimum, it will cause the absurd result of punishing repeat narcotics offenders who are not amenable to treatment less severely than Proposition 36 probationers under certain circumstances. But such a result is consistent with the purpose and intent of the initiative. Proposition 36 is a comprehensive sentencing scheme directed at those charged with possession of controlled substances for personal use. It provides for probation mandating treatment for substance abusers while excluding incarceration for those coming within its sweep. It deals with the reality of failure by providing for reinstatement of probation up to three times before "the defendant may be incarcerated pursuant to otherwise applicable law . . . ." (See § 1210.1, subd. (e)(1).) The 30-day jail sentence for defendants found to be unamenable to

7

treatment comports with the stated purposes of Proposition 36. Limiting their sentence to 30 days reduces the wasteful expenditure of money on the incarceration—and reincarceration—of nonviolent drug users.[8] It also enhances public safety by preserving jails and prison cells for serious and violent offenders.[9] (Ballot Pamp., *supra,* pp. 26, 66; Prop. 36, § 3; *People v. Guzman*, *supra*, 109 Cal.App.4th at p. 346.)

Asserting that the 30-day mandatory sentence fails to encourage drug treatment and deter recidivism, the dissent offers that the appropriate remedy is to construe the provision as a "mandatory minimum period of incarceration as a condition of probation." But the trial court has found by clear and convincing evidence that appellant is unamenable to treatment. He has walked that path repeatedly and failed. Simply put: it will not work.[10] Appellant has received all that the dissent suggests and more. For nearly two decades he has received probation, drug programming and treatment under Proposition 36 -- all the services the court has to offer. He has served time in both county jail and state prison, all to no avail. He has neither been deterred nor dissuaded. He is an addict. He continues to damage himself and his family. Programming, probation, jail and prison have been for naught. The dissent's suggestion is simply to offer more of the same.[11]

Respondent argues that construing the section 1210.1, subdivision (b)(5) 30-day sentence as a minimum term is necessary to avoid "entirely remov[ing] the court's discretion to impose appropriate probation and punishment options." That argument fails

---

[8] The Legislative Analyst projected that the Act would result in hundreds of millions of dollars in net savings to the state. (Ballot Pamp., *supra,* figure 1, p. 25.)

[9] "California prisons are overcrowded. We don't want violent criminals to be released early to make room for nonviolent drug users. We must keep violent criminals behind bars, and try a different approach with nonviolent drug users." (Ballot Pamp., *supra*, Argument in Favor of Prop. 36, p. 26.)

[10] Should defendant reoffend, however, he could be reassessed to determine his amenability to treatment. Section 1210.1, subdivision (b)(5) establishes the minimum number of times a defendant must have participated in drug treatment under the Act. There is no suggestion that having once been found unamenable to "any and all forms of available drug treatment" he could not later be found amenable should he reoffend.

[11] To paraphrase the quote often attributed to Einstein: *Absurdity* is doing the same thing over and over again and expecting different results.

because "the electorate may eliminate the court's power to make certain sentencing choices." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 516.) Furthermore, as we have explained, the voters did not restrict the court's discretion to impose a traditional sentence upon those ineligible for Proposition 36 treatment under the four other categories specified in section 1210.1, subdivision (b). (§ 1210.1, subds. (b)(1)-(b)(4); Couzens et al., Sentencing Cal. Crimes, *supra*.) The 30-day jail sentence mandated by section 1210.1, subdivision (b)(5) does not apply to defendants who are ineligible for treatment for having a recent prior serious or violent felony conviction (*id*. at subd. (b)(1)); having a concurrent charge that is not related to the use of drugs (*id*. at subd. (b)(2)); being armed while committing the drug offense (*id*. at subd. (b)(3)); or refusing treatment (*id*. at subd. (b)(4)). They may be punished "without regard to the provisions" of Proposition 36. (§ 1210.1, subd. (e)(1).)

We also reject respondent's claim that the drafters of the Act intended to set a minimum 30-day term of incarceration in section 1210.1, subdivision (b)(5). The drafters were aware of statutes which set minimum terms. (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283 [recognizing that the drafters of initiatives are presumed to be aware of the existing state of the law].) Indeed, section 1210, subdivision (a) of the Act references Health and Safety Code section 11550, which expressly sets a 90-day minimum term. A minimum term is clearly defined as such in that statute, accompanied by words such as "not less than" or "at least 90 days." (Health & Saf. Code, § 11550, subd. (a).)[12] The drafters did not use any such terminology to specify the 30-day jail sentence of section 1210.1, subdivision (b)(5) as a minimum term. We will not revise the statute by inserting language to convert the mandatory 30-day sentence into such a

---

[12] Health and Safety Code section 11550, subdivision (a) provides in relevant part as follows: "Any person convicted of violating this subdivision is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days . . . . The court may place a person convicted under this subdivision on probation . . . and, except as provided in subdivision (c), shall in all cases in which probation is granted require, as a condition thereof, that the person be confined in a county jail for at least 90 days."

minimum.  (*People v. Guzman, supra*, 35 Cal.4th at p. 586.)  Any change to this clear declaration should be effected by the electorate or the Legislature, not by judicial fiat.[13]

Moreover, the Act twice states that it applies "Notwithstanding any other provision of law."  (§ 1210.1, subds. (a) & (b)(5).)  That phrase is a ""term of art" [that] expresses a legislative intent "to have the specific statute control despite the existence of other law which might otherwise govern[.]"""  (*People v. Campos* (2011) 196 Cal.App.4th 438, 452.)  That phrase also "eliminates potential conflicts between alternative sentencing schemes."  (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 524.)   Moreover, its reiteration is to be found only in subdivision (b)(5) of section 1210.1, further underscoring the intent of the electorate.  The statute's clarity could have been greater only by stating, "And we really mean it!"

CONCLUSION

The People of this State decided by their vote that those committing simple drug possession offenses should be availed treatment, not punishment.  The People also sought "To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment."  (Prop. 36, § 3.)  In addition, the voters identified a separate and discrete class, those defendants who had repeatedly participated in treatment and were found by the court "to be unamenable to any and all forms of available drug treatment."  They are to be sentenced to 30 days in jail.  (§ 1210.1, subd. (b)(5).)

We hold that the unambiguous language of section 1210.1, subdivision (b)(5) means precisely what it says:  Notwithstanding any other provision of law, defendants subject to its provisions shall be sentenced to 30 days in jail.  In sum, the

---

[13] Section 9 of Proposition 36, states:  "This act may be amended only by a roll call vote of two thirds of the membership of both houses of the Legislature.  All amendments to this act shall be to further the act and shall be consistent with its purposes."  (Ballot Pamp., *supra*, text of Prop. 36, § 9, p. 66; see Historical and Statutory Notes, 50D West's Ann. Pen. Code (2000 ed.) foll. § 1210, p. 640.)

statute identifies a very narrow group of offenders who have repeatedly been ordered into drug treatment, have failed and have been "found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment." (*Ibid.*) That directive arguably serves to "dry them out" without further taxing the limited resources of the justice system. The trial court erred by failing to impose the mandated sentence. "When sentencing error does not require additional evidence, further fact finding, or further exercise of discretion, the appellate court may modify the judgment appropriately and affirm it as modified." (*People v. Haskin* (1992) 4 Cal.App.4th 1434, 1441.) Accordingly, we will modify the judgment by striking the order granting probation and directing the trial court to impose the 30-day sentence upon remand. (§ 1210.1, subd. (b)(5).)[14]

## DISPOSITION

The order granting appellant probation is stricken. The cause is remanded to the trial court for imposition of the mandated 30-day sentence. (§ 1210.1, subd. (b)(5).) We modify the judgment further to impose $80 in court security fees (§ 1465.8), and $60 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)). In all other respects, the judgment is affirmed.

CERTIFIED FOR PUBLICATION.

PERREN, J.

I concur:

GILBERT, P. J.

---

[14] Respondent asserts that the trial court failed to impose mandatory assessments, surcharge, penalty, and fees: a state penalty assessment (§ 1464); a county penalty assessment (Gov. Code, § 76000); a 20 percent state surcharge of $10 (§ 1465.7); and a court construction penalty of $15 (Gov. Code, § 70372, subd. (a)); $60 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)); and $80 in court security fees (§ 1465.8). The failure to impose such assessments, and fees, penalties and surcharges is jurisdictional error that can be raised for the first time on appeal. (*People v. Stewart* (2004) 117 Cal.App.4th 907, 910-912.) Appellant contends that section 1210.1, subdivision (b)(5) precludes the court from ordering any fines for a defendant found to be unamenable to treatment. We impose the non-punitive court security fee and court facilities assessment. (*People v. Alford* (2007) 42 Cal.4th 749, 757, fn. 4; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492-1493.)

11

YEGAN, J. dissenting.

"Absurdity - I know it when I see it." (*Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1702 (dis. opn. of Gilbert, J.).) Even though I was the author of the majority opinion 22 years ago in *Unzueta*, I am still haunted by the dissenting opinion. I am finally able to use it.

I respectfully dissent because in my view the result reached by the majority opinion, while obedient to the "plain meaning rule" (see e.g. *People v. King* (1993) 5 Cal.4th 59, 69), is in effect absurd. For those readers expecting a scholarly law review explanation of just why I have come to this conclusion, you will be disappointed. There are few, if any, sources guiding an appellate court on how to apply the absurdity exception to the "plain meaning rule." It does not matter what Lord Bramwell would have done. (*Unzueta v. Ocean View School Dist.*, *supra*, 6 Cal.App.4th at p. 1698.) It does not matter what Judge Learned Hand would have done. (*Id.*, at pp. 1692-1693.) It does not matter what Justice Macklin Fleming would have done. (*Id.*, at p. 1699.) The question comes down to how an individual justice uses his or her common sense, judicial acumen, and sense of fairness in viewing the symmetry of the statutory scheme. I view the matter differently from the majority. As Justice Gilbert has indicated, absurdity "is in the mind of the beholder." (*Id.*, at p. 1702.)

I am no stranger to the line of opinions dealing with the "plain meaning rule," the absurdity exception, and the theoretical subtraction of language from a statute or the addition of language to a statute. (See, e.g., *People v. Clayburg* (2012) 211 Cal.App.4th 86, 88 [refusing to subscribe to the " 'dictionary school of jurisprudence' "]; *People v. Pecci* (1999) 72 Cal.App.4th 1500 [following the "plain meaning rule" and not applying the absurdity exception]; *People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App.4th 1030 [no choice but to add language to a statute]; (*Unzueta v. Ocean View School Dist.*, *supra*, 6 Cal.App.4th at p. 1699 [recognizing that each time "the 'absurd result' rule" is utilized by an appellate court, "a little piece is stripped from the written rule of law and confidence in legislative enactments is lessened"].) Each of these

"dilemma" cases, whether civil or criminal, is sui generis, and must be judged by the mischief it creates or curtails. In my view, the majority opinion creates mischief.

The majority opinion relies upon *In re Varnell* (2003) 30 Cal.4th 1132, for the following rule: "Proposition 36 outlines an alternative sentencing scheme for those convicted of certain narcotics offenses. In effect, it acts as an exception to the punishment specified in an individual narcotics offense." (*Id.*, at p. 1136.) True enough as a general proposition but the *Varnell* opinion, written by Justice Baxter, certainly did not treat with the issue presented by this appeal. The court's observation is dicta. (See *In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1176-1177.) It does not serve as a binding precedent on the issue presented here. "[C]ases are not authority for propositions not considered." (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)

The net effect of the majority opinion is as follows: nonviolent, recidivist drug offenders, including those who use or possess heroin, who have failed to reform after two courses of drug treatment and are found unamenable to further treatment, shall receive no more and no less than a 30-day sentence without probation for a subsequent nonviolent drug offense. This is absurd because it (1) does not deter recidivism and, (2) places a premium on twice failing at drug treatment. Based on my experience with recidivist drug offenders in the trial courts, a mere 30-day sentence without probation will have little, if any, deterrent value in these circumstances. Instead of trying to overcome their drug problem, many recidivist offenders may prefer to serve 30 days in jail. This result will frustrate one of the stated purposes of Proposition 36: "To enhance public safety by reducing drug-related crime . . . ." (Prop. 36, § 3(c).)[1]

The majority asserts that the 30-day sentence "comports" with the Proposition 36 purpose of "reduc[ing] the wasteful expenditure of money on the incarceration - and reincarceration - of nonviolent drug users." (Op. p. 8, fn. omitted.) The full text of this purpose is "[t]o halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration ‐ and reincarceration ‐ of nonviolent drug users *who would*

_____

[1] (Ballot Pamp., Gen. Elec, (Nov. 7, 2000) Analysis of Prop 36 by Legislative Analyst.)

2

*be better served by community-based treatment.*"  (Prop. 36, § 3(b), italics added.) The hard-core recidivist drug offenders at issue here would not be better served by community-based treatment.  They have been found unamenable to such treatment.

I do not believe that the voters had the majority opinion's view in mind when they passed Proposition 36.  The ballot pamphlet arguments informed them as follows: "Treatment under Proposition 36 is not a free ride.  The rules are strict.  For example, if an offender . . . demonstrates that treatment isn't working by repeatedly testing positive for drug use, the offender can be jailed for one to three years."  (Ballot Pamp., Gen. Elec. (Nov. 7, 2000), argument in favor of Prop. 36, p. 26; see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 528 [ballot pamphlet arguments may be used to show voters' intent].)  A voter who read this excerpt from the arguments would be shocked to learn that a defendant with two prior nonviolent drug convictions who had unsuccessfully undergone two prior courses of drug treatment could receive only a 30-day sentence without probation for a subsequent nonviolent drug conviction.  Such a defendant has surely "demonstrate[d] that treatment isn't working."  It makes no sense that the penalty should decrease from "one to three years" to only 30 days after the courts have twice attempted to help a defendant overcome his drug problem and he has refused to be helped.  Had the voters been truly informed of the result reached by the majority opinion, I am convinced that they would not have passed Proposition 36.

Factually, a 30-day sentence for the recidivist drug abuser in this case is absurd. Over a 20-year period he has failed on at least five grants of probation with drug programs.  He has even been to prison for possession of methamphetamine.  His penchant for methamphetamine abuse has torn his family apart.  Appellant's father and sister appeared at sentencing and begged the trial court to help him.  The trial court imposed probation in an attempt to help him.  The trial court should be commended for trying to help appellant and his family.  Now he gets only 30 days and no treatment.  This result is at variance with statutory symmetry and does a disservice to appellant, his family, and the public.

3

The absurdity of the majority opinion's view is further evidenced by Penal Code section 1210.1, subdivision (c)(2). The subdivision provides: "If at any point during the course of drug treatment . . . it is proved that the defendant [who may be a first-time drug offender] is unamenable" to drug treatment, "the court may revoke probation." If the court revokes probation, it is free to sentence the defendant to the statutorily prescribed term for his offense, which could be as high as three years. For example, possession of heroin (Health & Saf. Code, § 11350, subd. (a)) is punishable by "imprisonment in a county jail for 16 months, or two or three years." (Pen. Code, § 1170, subd. (h)(1).) On the other hand, a recidivist offender who is found unamenable to drug treatment can be sentenced to only 30 days for a subsequent drug offense. There is no justifiable reason why a first-time drug offender who is unamenable to treatment should be subject to a maximum penalty that is 36 times greater than the penalty for a subsequent offense committed by a recidivist drug offender who is also unamenable to treatment.

At one point in its opinion, the majority refer to the intent of the drafters of Proposition 36. (Op. p. 9.) It states that "[t]he drafters were aware of statutes which set minimum terms. [Citation.]" (*Ibid.*) " 'The opinion of drafters or of legislators who sponsor an initiative is not relevant since such opinion does not represent the intent of the electorate and we cannot say with assurance that the voters were aware of the drafters' intent.' " (*Greene v. Marin County Flood Control and Water Conservation Dist.* (2010) 49 Cal.4th 277, 294, fn. 6.)

What is the appropriate appellate remedy? I would construe the language in Penal Code section 1210.1, subdivision (b)(5) to provide that the 30-day mandatory sentence is a mandatory minimum period of incarceration as a condition of probation. This is what the trial court did. This is the Attorney General's position on appeal. To me, it makes sense and would give appropriate symmetry to the statutory scheme. It is true that the courts should not judge the wisdom of a statute. (*People v. Pecci, supra,* 72 Cal.App.4th at p.1506, citing *Wells Fargo Bank v. Superior Court* (1991) 53 Cal.3d 1082, 1099.) But the result reached by the majority is beyond unwise. It just does not hit my ear right. I

4

can just see appellant chuckling when his attorney tells him that his wrist has been slapped with the full wrath of the law.  I therefore dissent.

CERTIFIED FOR PUBLICATION.


YEGAN. J.

Bruce Young, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, William M. Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, David Zarmi, Deputy Attorney General, for Plaintiff and Respondent.