Filed 2/3/21  P. v. Tolen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHANCE DEAN TOLEN,<br><br>        Defendant and Appellant. | C091434<br><br>(Super. Ct. No. CR037165) |

Appointed counsel for defendant Chance Dean Tolen filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we will modify the judgment to correct sentencing errors and direct the trial court to issue an amended abstract of judgment.  We affirm the judgment as modified.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

FACTUAL AND PROCEDURAL BACKGROUND

Two deputy sheriffs found defendant digging outside a trailer. They were searching for defendant in connection with an investigation they were pursuing. When they approached defendant, they saw a bulge at his waist, which they believed to be a weapon. The deputies searched defendant and found a handgun in his waistband and brass knuckles in his back pocket. The deputies removed the magazine from the firearm and arrested defendant.

The prosecution charged defendant with possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1)—count I),[1] unlawful possession of ammunition (§ 30305, subd. (a)(1)—count II), unlawful carrying of a concealed weapon (§ 25400, subd. (a)(2)—count III), and possession of metal knuckles (§ 21810—count IV).

After a trial, a jury found defendant guilty of the felon in possession of a firearm, unlawful carrying of a concealed weapon, and possession of metal knuckles counts, but not guilty of the unlawful possession of ammunition count.

The court sentenced defendant to the upper term of three years in state prison for the felon in possession of a firearm count, plus a consecutive term of eight months (one-third the midterm) for the possession of metal knuckles count. The court also imposed a term of eight months (one-third the midterm) for the unlawful carrying of a concealed weapon count and stayed execution of the sentence under section 654.

The court imposed a restitution fine in the amount of $300 (§ 1202.4) and waived court operations (§ 1465.8) and court facilities (Gov. Code, § 70373) assessments based on defendant's ability to pay.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

After examining the record, we conclude the court erred by not imposing and suspending a mandatory parole revocation restitution fine. While the court imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b), it did not impose an identical parole revocation restitution fine, which section 1202.45 requires.[2] Subdivision (a) of section 1202.45 provides: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.45, subd. (a).) Subdivision (c) provides such fines shall be suspended unless parole is revoked. (§ 1202.45, subd. (c).)

The court purported to waive the court operations assessment (§ 1465.8) and court facilities assessment (Gov. Code, § 70373) for each conviction. These are mandatory fees and cannot be waived; the failure to impose them constitutes an unlawful sentence that may be modified at any time. (See *People v. Smith* (2001) 24 Cal.4th 849, 853;

---

[2] The abstract of judgment and the court's minute order reflect the imposition and suspension of a $300 parole revocation restitution fine, but the oral pronouncement does not.

3

*People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.)[3]  These assessments do not constitute punishment and thus also apply to the conviction stayed under section 654. (*People v. Alford* (2007) 42 Cal.4th 749, 757 [§ 1465.8]; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492-1494 [Gov. Code, § 70373]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371.)  We will modify the judgment to impose the parole revocation restitution fine, suspended unless parole is revoked, and the mandatory assessments.

Finally, we note the trial court imposed and stayed under section 654 an eight-month sentence (one-third the midterm) for the unlawful carrying of a concealed weapon conviction.  However, "[t]he one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not a sentence stayed under section 654." (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.)  "To effectuate section 654, the trial court must impose a full term and stay execution of that term." (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1198; *Cantrell,* at p. 1164; see *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469-1472.)  We will exercise our inherent authority to correct an unauthorized sentence by modifying the judgment to reflect the full midterm sentence. (*Relkin,* at pp. 1197-1198 [correcting a judgment on the appellate court's own initiative to impose a full midterm sentence, rather than a one-third of the midterm sentence, on a

---

**3**    To the extent the trial court relied on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, which concluded due process requires these assessments to be subject to a defendant's present ability to pay, we are not persuaded the analysis used in *Dueñas* is correct. (*Id.* at p. 1164.)  Our Supreme Court is poised to resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with *Dueñas* as to these assessments. (*Kopp*, at pp. 95-96.)  In the meantime, we join those authorities that have concluded the assessments are not subject to a defendant's ability to pay. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

count stayed under § 654].)  The abstract of judgment also incorrectly indicates the sentence for the possession of metal knuckles conviction was stayed, rather than the unlawful carrying of a concealed weapon conviction.  This error should be corrected.

## DISPOSITION

The judgment is modified to impose a $300 parole revocation restitution fine, suspended unless parole is revoked, a $120 court operations assessment, a $90 court facilities assessment, and a full midterm sentence stayed under section 654 on count III. The trial court is directed to prepare an amended and corrected abstract of judgment consistent with this opinion and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


_____/s/_____
BLEASE, Acting P. J.



We concur:



_____/s/_____
HOCH, J.



_____/s/_____
RENNER, J.


5