Filed 1/4/21  P. v. Tillis CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C090682 |
| Plaintiff and Respondent, | (Super. Ct. No. 18NCR13118) |
| v. | |
| SHAWNTRE ARMANI TILLIS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Shawntre Armani Tillis, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will modify the judgment to include mandatory fees and direct the trial court to issue an amended abstract of judgment.  We find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment as modified.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to two counts of gross vehicular manslaughter (Pen. Code, § 191.5, subd. (a); statutory section references that follow are to the Penal Code) and four counts of driving under the influence and causing bodily injury (Veh. Code, § 23153, subds. (a)-(b)). Defendant also admitted six enhancement allegations on each of the six counts that he caused bodily injury and/or death to multiple victims. (Veh. Code, § 23558.) The parties agreed to a factual basis for the plea, stating defendant had been driving at a high speed on the freeway and "caused a chain reaction collision" that resulted in two deaths and "six other drivers and passengers that received severe injuries." The parties agreed defendant's blood-alcohol content was 0.13 percent at the time.

At the sentencing hearing, the court sentenced defendant to the upper term of 10 years for the first gross vehicular manslaughter count, plus two years for the multiple injury enhancements, and two years (one-third the midterm) for the second gross vehicular manslaughter count, plus one year for the multiple injury enhancements. The court imposed two-year terms for each of the remaining counts and stayed execution under section 654. Thus, the court imposed a total aggregate sentence of 15 years. The court imposed a restitution fine of $4,500 (§ 1202.4, subd. (b)) and a $4,500 parole revocation fine, which it suspended pending parole revocation (§ 1202.45). Defendant appealed, indicating he would be challenging issues unrelated to the validity of the plea.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant

2

was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

We do note, however, an error in the costs imposed, which requires correction. The trial court failed to impose for each of defendant's six convictions a mandatory court operations assessment of $40 (§ 1465.8) and a mandatory court facilities assessment of $30 (Gov. Code, § 70373). The failure to impose mandatory assessment amounts constitutes an unlawful sentence and may be modified at any time. (See *People v. Smith* (2001) 24 Cal.4th 849, 853; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.) These assessments do not constitute punishment and thus also apply to the convictions stayed under section 654. (*People v. Alford* (2007) 42 Cal.4th 749, 757 [§ 1465.8]; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492-1494 [Gov. Code, § 70373]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371.) We will modify the judgment to impose the required mandatory assessment amounts.

We also note clerical errors in the abstract of judgment. The trial court's oral pronouncement imposed two-year terms for the four driving under the influence and causing bodily injury counts, but the abstract of judgment indicates the court imposed only one-year terms for those counts. The abstract also does not reflect defendant was convicted by guilty plea for these counts, although it so reflects for the gross vehicular manslaughter counts. "The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment. [Citations omitted.]" (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) We will order the abstract corrected.

3

DISPOSITION

The judgment is modified to impose a mandatory $240 court operations assessment (§ 1465.8) and a mandatory $180 court facilities assessment (Gov. Code, § 70373). The trial court is directed to prepare an amended abstract of judgment that accurately reflects these assessments and the oral pronouncement of sentence and to deliver a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

MURRAY, J.

4