Filed 6/14/24

## <u>TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

### APPELLATE DIVISION

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff(s) and Respondent(s),<br><br>v.<br><br>ROMAN ESTRADA,<br><br>       Defendant(s) and Appellant(s). | Appellate Division No.: CA296068<br>Trial Court Case No.:  C419236DV<br>Trial Court Location:  East County Division<br><br>**DECISION/STATEMENT OF REASONS (CCP §77(d)) BY THE COURT** |

APPEAL from the August 17, 2023, Judge Reali-Ferrari, Judge.

AFFIRMED with directions.

Defendant objected to the imposition of $745 in fines, fees, and assessments, under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, arguing that because he would be in federal prison for a period of two years, he had a current inability to pay. *Dueñas* is not settled law. By its own language, *Dueñas* does not apply to the Penal Code section 1203.097 fine of $500, as it was not one of the fines or fees discussed in *Dueñas*. And therefore, *Dueñas* arguments do not apply to that $500 portion of the imposed fines. As to the $150 restitution fine under Penal Code section 1202.4, this Court agrees with the appellate court cases holding *Dueñas* was incorrectly decided as to the restitution fine. And therefore, Defendant is not entitled to relief for that $150 portion of the imposed fines. The majority does find that *Dueñas* was correctly decided on equal protection

grounds as to the non-punitive assessments under Government Code section 70373 and Penal Code section 1465.8. But because prison wages are to be considered in ability to pay, this record does not support an inability to pay the $70 imposed by these non-punitive assessments. (See *People v. Johnson* (2019) 35 Cal.App.5th 134, 139–140.)

It appears that the trial court improperly imposed a $25 assessment under Penal Code section 1463.07. Penal Code section 1643.07 was repealed by Assembly Bill 177 effective September 23, 2021. Therefore, $25 should be removed from the total fines and fees.

### Procedural and Factual Background

It was alleged that on or about July 29, 2022, Mr. Estrada vandalized property of another in an amount of less than $400, trespassed in an occupied dwelling house, and resisted an officer in the County of San Diego. On August 2, 2023, the Office of the District Attorney filed a complaint against Mr. Estrada with one count of Penal Code section 594, subdivision (a)(b)(2)(A) (vandalism under $400), one count of Penal Code section 602.5, subdivision (b) (aggravated trespass of occupied dwelling house), and one count of Penal Code section 148, subdivision (a)(l) (resisting an officer). He was arraigned that day. Mr. Estrada pled guilty to count one, a violation of Penal Code section 594, subdivision (a)(b)(2)(A), on August 17, 2023. He was sentenced that day.

At sentencing, the trial court imposed $745 in total fines. The breakdown of these fines appears to be $500 under Penal Code section 1203.097, subdivision (a)(5)(A), $150 under Penal Code section 1202.4, $25 under Penal Code section 1463.07, $30 under Government Code section 70373 and $40 Penal Code section 1465.8. There was a discussion of the trial court possibly reducing the total fines to $500 instead of the $745, but the court never explicitly made that reduction,

Defense counsel argued that no fines and fees should be imposed pursuant to *People v. Dueñas* because the client was going to federal prison for 24 months and had been in local custody for a significant time, he would not be able to pay. Defense counsel did not request additional time or the setting of an ability to pay hearing.

Mr. Estrada filed his notice of appeal on August 29, 2023.

/ / /

## I. Overview of case law related to Dueñas.

There is a conflict between appellate court decisions as to whether *Dueñas* is good law. While there are many cases following *Dueñas*, every appellate district has at least one case saying that *Dueñas* was wrongly decided. (*People v. Cowan* (2020) 47 Cal.App.5th 32, 35 (1st DCA, Div. 4); *People v. Hicks* (2019) 40 Cal.App.5th 320, 322 (2nd DCA, Div.2); *People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860 (3rd DCA); *People v. Cota* (2020) 45 Cal.App.5th 786, 794–795 (4th DCA, Div. 1); *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060 (5th DCA); *People v. Greeley* (2021) 70 Cal.App.5th 609, 625 (6th DCA).) Some courts—while not totally rejecting *Dueñas*—held that it should be limited to its extreme facts. (*People v. Caceres* (2019) 39 Cal.App.5th 917, 926–927; *People v. Kopp* (2019) 38 Cal.App.5th 47, 94 [this case has been under review at the California Supreme Court since November 13, 2019].) Other courts have held that it was correctly decided as to the non-punitive fees, but incorrectly decided as to the restitution fine. (*People v. Son* (2020) 49 Cal.App.5th 565, 592-595; *People v. Kopp* (2019) 38 Cal.App.5th 47, 96–97.)

When appellate court decisions are in conflict, "the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions." (*Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 456.) Typically, superior courts will follow appellate decisions from their district, but they are not bound to do so. (*McCallum v. McCallum* (1987) 190 Cal.App.3d 308, 315 fn. 4.)

The Fourth Appellate District, Division One, has three cases addressing *Dueñas*.

One dealt with a request to apply *Dueñas* to restitution. (*People v. Allen* (2019) 41 Cal.App.5th 312.) The Court discussed that *Dueñas* did not apply because the case did not discuss restitution—but instead the restitution fine—and that restitution is mandated under the California Constitution. The Court also rejected *Dueñas*'s due process analysis. "Second, even if we were otherwise inclined to extend *Dueñas* to victim restitution, we would adopt the reasoning of the numerous courts that have rejected *Dueñas*'s due process analysis. [citations omitted] Many of these courts 'have suggested that the proper analytic framework ... is the excessive fines clause of the

Eighth Amendment to the United States Constitution, rather than the due process clause.' [citations omitted]" (*People v. Allen* (2019) 41 Cal.App.5th 312, 326.)

Another case analyzed whether relief under *Dueñas* had been forfeited by a failure to object at the trial level. (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027.) The majority in *Gutierrez* did not explicitly address the validity of *Dueñas* and instead denied relief based on a forfeiture theory. Justice Benke wrote a concurrence to that decision. "More fundamentally I write to express my disagreement with *Dueñas*, which I believe misapplies California's statutory law and erroneously selects a general due process and equal protection theory as the basis for its decision. I instead believe that the Eighth Amendment to the United States Constitution offers a more proper basis for determining when a fine or fee exceeds constitutional limits, to the extent such an analysis is necessary." (*Id.* at p. 1034.)

While the underlying charges are extremely different, the final case is the most like the facts at hand in terms of the *Dueñas* considerations. The defendants in that case were sentenced to prison and objected to the imposition of various fines, fees and assessments, and requested an ability to pay hearing to be set later. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 93.) "The court then imposed the following assessments and fines on Appellants: a restitution fine of $10,000 under Penal Code section 1202.4, subdivision (b); a court security fee of $120 under Penal Code section 1465.8; an immediate critical needs account fee of $90 under Government Code section 70373; a criminal justice administrative fee of $154 under Government Code section 29550.1; a drug program fee of $615 under Health and Safety Code section 11372.5; and a lab analysis fee of $205 under Health and Safety Code section 11372.5. The court also ordered but stayed a parole revocation restitution fee of $10,000 under Penal Code section 1202.45." (*Id.* at pp. 93–94.) The Court found that for punitive fines—such as the restitution fine—"there is no due process requirement that the court hold an ability to pay hearing before imposing a punitive fine and only impose the fine if it determines the defendant can afford to pay it." (*Id.* at pp. 96–97.) The Court found that for the non-punitive fees there does need to be an ability to pay, but the court is "not wholly endorsing *Dueñas*, supra, 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268, [they] want to make clear that it is Appellants' burden to make a record below as to their ability to pay these assessments. To the extent the *Dueñas*

**DECISION/STATEMENT OF REASONS (CCP §77(d)) BY THE COURT**

court implies that it is the prosecution's burden to prove that a defendant can pay an assessment (see *id*. at p. 1172, 242 Cal.Rptr.3d 268), we disagree." (*Id*. at 96.) The Court also cautioned in following or applying *Dueñas* "without regard to the extreme facts *Dueñas* presented." (*Id*. at p. 94.) The Court discussed that those facts included that the defendant "was an indigent, homeless mother of two, who subsisted on public aid while suffering from cerebral palsy." (*Ibid.*) Justice Benke concurred in the opinion but believed any analysis as to the payments of fines or fees should be under Eighth Amendment analysis not *Dueñas*. (*Id*. at pp. 98-100.)

The California Supreme Court took *Kopp* under review on November 13, 2019. It is still pending. Therefore, *Kopp* is not binding precedent, but it can still be considered for its persuasive value. (Cal. Rules of Court, 8.1105(e)(1)(B) & 8.1115(e)(1).)

**II. *Dueñas* analysis does not apply to the Penal Code section 1203.097, subdivision (a)(5)(A), fine.**

The *Dueñas* decision only involved three fines or fees: the restitution fine under Penal Code section 1202.4, fees under Government Code section 70373 and fees under Penal Code section 1465.8. "'It is axiomatic that cases are not authority for propositions not considered.'" (*In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388 citing *People v. Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7.) Because *Dueñas* did not address—or mention in anyway—fines under Penal Code section 1203.097, subdivision (a)(5)(A), the case does not apply to this fine.

This also makes sense because courts have the authority reduce or waive the fee separate from *Dueñas*, if "after a hearing in open court, the court finds that the defendant does not have the ability to pay." (Pen. Code, § 1203.097, subd. (a)(5)(A).) In this case, the trial court declined to exercise that authority. It is apparent that the trial court understood it had such authority as it discussed the possibility of reducing the overall fees to $500. The grant or denial of a request under this statute appears to be a discretionary act that would be reviewed under the abuse of discretion standard. The trial court did not abuse its discretion in declining to reduce or waive the fine on this record.

/ / /

/ / /

**III. *Dueñas* was wrongly decided as to the Penal Code section 1202.4 restitution fine.**

Because there is a spilt of authority as to whether *Dueñas* appropriately applies to the restitution fine, this Court must make a choice between the conflicting decisions. (*Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 456.) This Court finds that the cases rejecting *Dueñas* in its entirety, *People v. Kopp*, and *People v. Son*, are persuasive in their reasoning as it applies to the restitution fines. Courts are required to impose a restitution fine when a defendant is convicted. (Pen. Code, § 1202.4, subd. (b); see also *People v. Sencion* (2012) 211 Cal.App.4th 480, 483.) The California Supreme Court has held that the restitution fine under Penal Code section 1202.4 is part of criminal punishment. "Viewed in comparison with other forms of punishment, the statutory scheme thus confirms the Legislature intended restitution fines as a criminal penalty rather than as a civil remedy." (*People v. Hanson* (2000) 23 Cal.4th 355, 362.) The United States Supreme Court has found that punitive fines do not violate equal protection or due process when they do not lead to the consequence of incarceration. (*People v. Son* (2020) 49 Cal.App.5th 565, 592-595.) The United States Supreme Court has also found "fines imposed as punishment on their own, without conversion to incarceration as a consequence of being unable to pay, need not take account of ability to pay to be constitutionally acceptable." (*Id*. at p. 593.) Based on this reasoning, this Court agrees that *Dueñas* was wrongly decided as to its application to restitution fines.

The Court also notes that one of the *Dueñas* court's concerns with the restitution fine was the non-payment of such a fine's effect on the ability to seek relief under Penal Code section 1203.4. "[I]f a probationer cannot afford the mandatory restitution fine, through no fault of his or her own he or she is categorically barred from earning the right to have his or her charges dropped and to relief from the penalties and disabilities of the offense for which he or she has been on probation, no matter how completely he or she complies with every other condition of his or her probation. Instead, the indigent probationer must appeal to the discretion of the trial court and must persuade the court that dismissal of the charges and relief from the penalties of the offense is in the interest of justice. (Pen. Code, § 1203.4, subd. (a)(1).)" (*People v. Duenas* (2019) 30 Cal.App.5th 1157, 1170–1171.) Since the *Dueñas* decision issued the legislature—through Assembly Bill 1281

**DECISION/STATEMENT OF REASONS (CCP §77(d)) BY THE COURT**

in 2021—has modified Penal Code section 1203.4—and similar statutes, such as Penal Code sections 17 and 1203.4a—to prohibit denial of relief based on unpaid restitution fines. This modification also factors in this Court's agreement with the cases finding *Dueñas* was wrongly decided as to its application to the restitution fine.

Because this Court finds that *Dueñas* does not apply to restitution fines, there was no error with the trial court imposing the $150 restitution fine.

**IV. *Dueñas* analysis should be applied to the $30 Government Code section 70373 and $40 Penal Code section 1465.8 fees, but because prison wages are considered in determining ability to pay, relief under *Dueñas* is not warranted in these circumstances.**

Because there is a spilt of authority as to whether *Dueñas* appropriately applies to the non-punitive fees, this Court must make a choice between the conflicting decisions. (*Auto Equity Sales, Inc. v. Superior Court of Santa Clara County*, *supra*, 57 Cal.2d at 456.) This Court finds *Dueñas*, *Kopp*, and *Son* persuasive in their reasoning that equal protection principles require the finding of an ability to pay for the non-punitive fees. This Court does also find Kopp persuasive that it is the defendant's burden—not the People's—to prove an inability to pay. (*People v. Kopp*, *supra*, 38 Cal.App.5th at 96.) And we are also persuaded that the extreme circumstances of *Dueñas* should be considered before applying the principles of *Dueñas*. (*Id*. at 94.)

Cases interpreting the two code sections have made clear that neither section is intended to serve a punitive purpose. (*People v. Alford* (2007) 42 Cal.4th 749, 759; *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1492.) Because of the lack of a punitive purpose, it is unclear what rationale basis there is to treat fees for criminal defendants different than fees for civil defendants. Defendants in civil cases are entitled to fee waivers in many circumstances, including when they are unable to pay. (*People v. Duenas* (2019) 30 Cal.App.5th 1157, 1165–1166.) Because of this, there appears to be an equal protection violation to have no avenue for criminal defendants to seek a fee waiver for non-punitive fees.

Even accepting that *Dueñas* should apply to these fees, it does not appear that should apply to this case. The argument by defense counsel focused on the idea that because defendant was going to be sent to prison, he had an inability to pay the fines and fees. Ability to pay analysis includes a

**DECISION/STATEMENT OF REASONS (CCP §77(d)) BY THE COURT**

"defendant's ability to obtain prison wages and to earn money after his release from custody." (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.) There was no evidence—or even assertion—that the defendant here would be unable to earn prison wages. Cases fully following *Dueñas* have found this a basis to deny relief. (*People v. Johnson* (2019) 35 Cal.App.5th 134, 139–140.) This Court does as well. Therefore, there was no error in the trial court imposing the Government Code section 70373 and Penal Code section 1465.8 fees.

**V. The trial court improperly imposed a $25 fee under Penal Code section 1463.07.**

It appears that the trial court improperly imposed a $25 assessment under Penal Code section 1463.07. Penal Code section 1643.07 was repealed by Assembly Bill 177 effective September 23, 2021. Therefore, $25 should be removed from the total fines and fees.

**CONCLUSION**

Because *Dueñas* does not apply to the punitive fines imposed and there is no evidence that defendant could not earn prison wages to pay for the $70 portion of the fees, the court finds no error in imposing $720 of the $745 imposed. Because it appears that $25 was imposed based on a statute that was no longer in effect, the Court is ordering that the total fines and fees be reduced to $720.

The trial court is AFFIRMED with directions.

_____
FRANK L. BIRCHAK
Judge, Appellate Division

_____
MARYANN D'ADDEZIO
Judge, Appellate Division

**HARUTUNIAN, J., concurring and dissenting**:

I agree with the majority that there was no error in the trial court imposing the fines and fees other than the $25 under Penal Code section 1463.07. I also agree that *Dueñas* does not apply to the fine under Penal Code section 1203.097 and that the case was wrongly decided as to—and should not apply to—restitution fines under Penal Code section 1202.4.

Where I disagree with the majority is in the opinion that *Dueñas* was correctly decided as to non-punitive fees. I find the concurrences written by Justice Benke in *People v. Gutierrez* (2019) 35 Cal.App.5th 1027 and *People v. Kopp* (2019) 38 Cal.App.5th 47 to be well-reasoned and persuasive. The many cases rejecting *Dueñas* in its entirety are also persuasive. In particular, the analysis in *People v. Cota* (2020) 45 Cal.App.5th 786 and *People v. Hicks* (2019) 40 Cal.App.5th 320, discussing how the imposition of the non-punitive fees does not bar defendants from actually accessing the courts or result in their potential incarceration, is persuasive.

_____
ALBERT T. HARUTUNIAN III
Presiding Judge, Appellate Division

**DECISION/STATEMENT OF REASONS (CCP §77(d)) BY THE COURT**

Counsel for Appellant, Roman Estrada:

MARK SPENCER, ESQ.
451 A STREET, STE 1600
SAN DIEGO, CA 92101


Counsel for Respondent, The People:

KIMBERLY ROTH
OFFICE OF THE DISTRICT ATTORNEY
APPEALS UNIT
330 W. BROADWAY, STE. 860
SAN DIEGO, CA 92101-3827